**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| URS CORPORATION, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>THE LEBANESE COMPANY FOR THE )<br>DEVELOPMENT AND )<br>RECONSTRUCTION OF BEIRUT )<br>CENTRAL DISTRICT, S.A.L., a/k/a )<br>SOLIDERE, )<br>)<br>   Defendant. ) | Civil Action No. 06-415-SLR |

**PLAINTIFF URS CORPORATION'S RESPONSE TO DEFENDANT'S MOTION FOR
SCHEDULING CONFERENCE AND BRIEFING SCHEDULE**

In response to Defendant's Motion for Scheduling Conference and Briefing Schedule (D.I. 19), Plaintiff URS Corporation ("URS") states as follows:

1. URS agrees that a Scheduling Conference should occur to resolve a dispute between the parties concerning the timing and order of URS's motion for a preliminary injunction and Defendant's as yet unfiled motion to dismiss. URS disagrees with Defendant's characterization of the action, as well as Defendant's assertions about the validity of its purported motion to dismiss. Entirely missing from Defendant's motion is any discussion of the center-piece of the parties' scheduling negotiations, namely a motion by URS for a preliminary injunction barring Defendant from proceeding with an arbitration proceeding filed by Defendant against URS before the ICC International Court of Arbitration in Paris, France (the "ICC Arbitration"). Also missing is any discussion of Defendant's real desire, to receive a protracted briefing schedule on its motion to dismiss and to defer URS's motion for a preliminary injunction, which would in effect result in a denial of the injunction because Defendant could accelerate the proceedings before the ICC and force URS to litigate in two forums at once.

2. Defendant's failure even to mention URS's intent to seek a preliminary injunction is

all the more surprising because this is an action to preclude and enjoin Defendant from dragging URS (a Delaware corporation) into a foreign arbitration proceeding occurring overseas ("the ICC Arbitration"). While Defendant suggests that this action somehow is intended to "derail a prior pending arbitration," Defendant ignores a number of salient facts that require the question of arbitrability to be decided in this Court. <u>First</u>, it is <u>undisputed</u> that URS never agreed to arbitrate with the Defendant and was not a party to the contract on which Defendant relied to commence arbitration; that agreement was only between Radian International LLC, an indirect subsidiary of URS, and Defendant. Defendant seeks to bootstrap URS's ownership of the parent of the subsidiary into a basis to force URS itself to arbitrate. <u>Second</u>, it is settled law that "[u]nless the parties <u>clearly and unmistakably</u> provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." <u>AT&T Technologies, Inc. v. Communications Workers of Am.</u>, 475 U.S. 643, 649, 651 (1986) (emphasis added). <u>Third</u>, in deciding the arbitrability question, the determination must be made under the law of the state of incorporation of the corporation that is being forced to arbitrate. See <u>Sarhank Group v. Oracle Corp.</u>, 404 F.3d 657, 662 (2d Cir. 2005) ("An American nonsignatory cannot be bound to arbitrate in the absence of a full showing of facts supporting an articulable theory based on American contract law or American agency law."). <u>Finally</u>, "[t]he Third Circuit recognizes a party is irreparably harmed <u>as a matter of law</u> if forced to arbitrate a matter that it has not agreed to arbitrate." <u>American Life Ins. Co. v. Parra</u>, 25 F. Supp. 2d 467, 479 (D. Del. 1998) (emphasis added). Given these unassailable facts, the <u>only</u> forum that can decide whether URS (a Delaware corporation) can be forced to arbitrate in Paris, France, despite the absence of any agreement to do so, is an American court – <u>not</u> a foreign tribunal in Paris, France.

3.  As a courtesy to Defendant and their counsel, and because the ICC arbitration has not commenced and no pertinent dates have been scheduled, counsel for URS asked Defendant if it would stipulate to staying the arbitration pending resolution of URS's motion for a preliminary injunction and, if not, whether Defendant wanted to negotiate a mutually-convenient schedule to

resolve URS's application for a preliminary injunction. In light of the lack of urgency at the time of URS's proposal, it was not imperative that URS file its request for a preliminary injunction immediately, nor that that motion be resolved on an expedited basis. The only requirement was that the preliminary injunction motion be heard and resolved <u>before</u> any hearings or pre-hearing discovery occurred in the ICC Arbitration. At the time the negotiations commenced, the parties easily could have reached agreement on a schedule that was not expedited and yet satisfied URS's concerns that its preliminary injunction motion be heard and resolved before the ICC Arbitration proceedings began.

    4. Counsel for the parties met and conferred for several weeks and proposals and counter-proposals were made. Because of the unrest in Beirut, Lebanon and due to vacation schedules of Defendant's counsel, Defendant asked for a brief extension of time so that the parties could continue to negotiate an agreed upon schedule for their motions. As the Court is aware, the parties filed a stipulation giving themselves until September 8th to reach an agreement. At all times during the negotiations, URS made clear that any agreement would have to maintain the status quo in the relationship between this action and the ICC Arbitration, namely that this action had to proceed on a schedule that would allow it to be resolved first.

    5. Because a motion for a preliminary injunction could be heard and resolved long before anything occurred in the ICC Arbitration – indeed, the parties have not even selected a chair for the arbitration and no dates of any kind have been set – URS proposed that Defendant agree to a schedule that permitted any motions to dismiss or for preliminary injunction to be briefed, argued and resolved <u>before</u> the parties were required to take any steps in the ICC Arbitration. If the ICC Arbitration were deferred, then URS was amenable to staggering the motion to dismiss and the motion for preliminary injunction to reduce the burden on the parties and the Court. Otherwise, URS stated that it believed that the motions should proceed simultaneously. In concept, Defendant's counsel stated in conversations with counsel for URS that they had no objection to completing proceedings in this Court first and Defendant's counsel proposed a schedule that, with

minor changes, was acceptable to URS. Only two days before September 8th, counsel for Defendant indicated that they were unwilling to stipulate to a schedule that assured that preliminary injunction proceedings in this Court were completed before the ICC Arbitration commenced, which meant that no agreement could be reached. Defendant apparently believed no use could be gained by further discussions and filed its motion with no prior notice to or discussion with URS.

6. Defendant's representation that Plaintiff is seeking a stay of "indeterminate length" is simply incorrect. Plaintiff's proposal was clear in its intent to have the ICC Arbitration stayed only until this Court decides Plaintiff's impending preliminary injunction motion. Even under the proposals being discussed by the parties, the Court could have reached a determination on that motion before the ICC Arbitration commenced. Thus, the proposed schedule to resolve the preliminary injunction motion first will work <u>no prejudice on Defendant whatsoever</u>. Certainly, the converse is not true; URS will suffer irreparable injury *per se* if it is forced to continue litigating on two fronts – before this Court and in France – when this Court's disposition of Plaintiff's motion could obviate the need to expend exorbitant costs on a foreign arbitration in which URS is not properly a party. Yet, that is obviously what Defendant seeks to have occur; forcing URS to defend a motion to dismiss and at the same time begin arbitration proceedings before the ICC in France.

7. <u>If</u> Defendant is amenable to a schedule that would permit this Court to rule on URS's motion for preliminary injunction <u>before</u> any substantive events occur in the ICC Arbitration, including any proceedings related to URS, then URS is prepared to proceed on the following schedule (which is essentially the schedule proposed by Defendant's counsel during their negotiations):

(a) An agreement that the parties will not to take any steps to advance or proceed in the ICC arbitration as to URS until seven days after a ruling on URS's motion for preliminary injunction;

(b) October 16, 2006:   Last day for Defendant to file and hand-serve its answer or move to dismiss the Complaint;

(c) October 16 - December 1, 2006:   Discovery period for jurisdictional or other arguments

4

        raised in Defendant's motion to dismiss;

(d) December 18, 2006:   Last day for URS to file and hand-serve its memorandum of law in opposition to Defendant's motion to dismiss;

(e) January 10, 2007:   Last day for Defendant to file and hand-serve its reply of law in support of its motion to dismiss;

(f) 15 days after ruling on motion to dismiss:  Last day for URS to file and hand-serve its motion for preliminary injunction;

(g) 45 days after ruling on motion to dismiss:  Last day for Defendant to file and hand-serve its memorandum of law in opposition to URS's motion for preliminary injunction;

(h) 75 days after ruling on motion to dismiss:  Last day for URS to file and hand-serve its reply memorandum of law in support of its motion for preliminary injunction;

    8.    If, however, Defendant is not willing to maintain the status quo and seeks to delay the preliminary injunction motion without deferring the ICC Arbitration proceedings against URS, then the Court should direct that both the motion to dismiss and the motion for preliminary injunction be filed immediately and resolved concurrently on an expedited basis.  URS respectfully proposes the following schedule, which would allow the parties to take any discovery necessary in connection with the parties' respective motions and still provide adequate time to prepare their legal memoranda:

(a) September 25, 2006:   Last day for URS to file and hand-serve its motion for preliminary injunction and for Defendant to file and hand-serve its motion to dismiss;

(b) October 27, 2006:   Last day for URS to file and hand-serve its opposition to Defendant's motion to dismiss and for Defendant to file and hand-serve its opposition to URS's motion for preliminary

injunction;

(c) November 22, 2006:   Last day for URS to file and hand-serve its reply memorandum in support of the motion for preliminary injunction and for Defendant to file and hand-serve its reply in support of the motion to dismiss.

9.   For the Court's convenience, URS respectfully submits a Proposed Order concurrently with this memorandum that would implement the schedule assuming Defendant is amenable to deferring the ICC Arbitration briefly.

Dated: September 14, 2006

                        Respectfully submitted,

                        */s/ Edward B. Micheletti*
                        Edward P. Welch (I.D. # 671)
                        Edward B. Micheletti (I.D. # 3794)
                        SKADDEN, ARPS, SLATE,
                        MEAGHER & FLOM LLP
                        One Rodney Square
                        P.O. Box 636
                        Wilmington, Delaware 19899
                        (302) 651-3000

                        Attorneys for Plaintiff URS Corporation

Of Counsel:

Jeffrey H. Dasteel
Jason D. Russell
Marina V. Bogorad
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
300 S. Grand Avenue
34th Floor
Los Angeles, CA 90071
(213) 687-5000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| URS CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>THE LEBANESE COMPANY FOR THE DEVELOPMENT AND RECONSTRUCTION OF BEIRUT CENTRAL DISTRICT SAL, a/k/a SOLIDERE,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06-415-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER SETTING BRIEFING SCHEDULE**

**WHEREAS**, Defendant has applied to this Court to set a briefing schedule for its upcoming motion to dismiss;

**WHEREAS**, Plaintiff has advised the Court that it intends to move for an order preliminarily enjoining Defendant from proceeding with arbitration against it before the International Chamber of Commerce in Paris, France (the "ICC Arbitration");

**WHEREAS**, Defendant is amenable to a schedule that would permit the Court to rule on Plaintiff's motion for preliminary injunction <u>before</u> any substantive events occur in the ICC Arbitration;

**WHEREAS**, the Court held a telephonic conference regarding these scheduling issues and found that good cause exists to set the foregoing briefing schedule;

**NOW THEREFORE, IT IS HEREBY ORDERED** this ___ day of _____, 2006, that:

    i.    By agreement, the parties will not to take any steps to advance or proceed in the ICC arbitration until seven (7) days after a ruling on Plaintiff's motion for preliminary injunction;

    ii.    Defendant will file and hand-serve its answer to Plaintiff's Complaint or move to dismiss the Complaint by October 16, 2006;

iii. The parties will complete discovery for jurisdictional or other arguments presented by Defendant's motion to dismiss, if any, by December 1, 2006;

iv. Plaintiff will file and hand-serve its opposition to Defendant's motion to dismiss, if any, by December 18, 2006;

v. Defendant will file and hand-serve its reply in support of its motion to dismiss, if any, by January 10, 2007;

vi. Plaintiff will file and hand-serve its motion for preliminary injunction fifteen (15) days after the Court issues its ruling on Defendant's motion to dismiss, if any;

vii. Defendant will file and hand-serve its opposition to Plaintiff's motion for preliminary injunction forty-five (45) days after the Court issues its ruling on Defendant's motion to dismiss, if any;

viii. Plaintiff will file and hand-serve its reply in support of its motion for preliminary injunction seventy-five (75) days after the Court issues its ruling on Defendant's motion to dismiss, if any.

     _____
     HON. SUE L. ROBINSON
     UNITED STATES DISTRICT JUDGE

447387-Los Angeles S2A

## CERTIFICATE OF SERVICE

I, Edward B. Micheletti, hereby certify that on September 15, 2006, Plaintiff URS Corporation's Response to Defendant's Motion for Scheduling Conference and Briefing Schedule and proposed Order Setting Briefing Schedule were served electronically on the following counsel of record:

VIA CM/ECF

Samuel A. Nolen, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

/s/ Edward B. Micheletti
Edward B. Micheletti (I.D. No. 3794)
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
(302) 651-3000

469329.01-Wilmington Server 1A - MSW