IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| URS CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-415-SLR |
| v. | ) | |
| | ) | |
| THE LEBANESE COMPANY FOR THE DEVELOPMENT AND RECONSTRUCTION OF BEIRUT CENTRAL DISTRICT, S.A.L., a/k/a SOLIDERE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SOLIDERE'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SCHEDULING CONFERENCE AND BRIEFING SCHEDULE**

Defendant, SOLIDERE, respectfully submits this reply to Plaintiff's response ("Resp.") to Defendant's Motion For a Scheduling Conference and Briefing Schedule (the "Motion") in this action. In further support of the Motion, Defendant states as follows:

1. Plaintiff concurs in Defendant's request for a scheduling conference to address the parties' conflicting proposals regarding the briefing of Defendant's motion to dismiss and Plaintiff's motion for preliminary injunction. It also recognizes that Defendant wishes to file a motion to dismiss based, inter alia, on lack of personal jurisdiction (and thus save the parties and the Court time and effort on other matters) but could not do so immediately due to the serious situation in Beirut. Unfortunately, however, Plaintiff then proceeds to make accusations concerning Defendant's supposed motives and to mischaracterize positions taken by Defendant both in the negotiations leading up to and in the Motion itself. Many of Plaintiff's attacks are simply untrue, others are internally inconsistent. For instance, Plaintiff asserts that Defendant's "real desire" in filing the Motion is to obtain a "protracted briefing schedule on its motion to

dismiss," yet, later in its response, Plaintiff acknowledges that it was Defendant who proposed briefing, discovery and argument of its motion to dismiss on the expedited schedule now adopted and urged by Plaintiff. Compare Resp. at ¶ 1 with id. at ¶ 7. Nor does Plaintiff acknowledge to the Court that, previously, it had also concurred with Defendant, during the parties' negotiations concerning scheduling, on the central argument of the Motion – that it would be inefficient and wasteful of judicial resources for the Court to consider the merits of Plaintiff's motion for preliminary injunction before determining whether it can exercise jurisdiction over Defendant.

2. Further, Plaintiff states, without a shred of support, that Defendant could "accelerate the proceedings before the ICC and force URS to litigate in two forums at once." Resp. at ¶ 1. Putting aside the fact that URS created the situation of which it now complains by filing this action, i.e. parallel proceedings concerning the exact same issue pending in this Court and before the ICC, Plaintiff ignores the fact that the arbitral tribunal in the ICC Arbitration has yet to be constituted and, thus, a schedule for that proceeding has not even been set yet. Consequently, URS is in no imminent danger of prejudice resulting from the issuance, by this Court, of a schedule which allows Defendant a reasonable opportunity to communicate with and involve its client, located in Beirut, Lebanon, in presenting its jurisdictional objections to the Complaint.

3. Plaintiff's extensive discussion on the merits of its forthcoming motion for a preliminary injunction, while premature, is also irrelevant should the Court find that it lacks jurisdiction over Defendant. Moreover, Plaintiff's insistence that this Court is "the only forum that can decide [the issue of arbitrability as to URS]" (Resp. at ¶ 2 (emphasis in original)), is disingenuous given the fact that it was Plaintiff – not Defendant – who expressly invited the ICC to exercise its authority to review the prima facie evidence of jurisdiction over URS in the ICC

Arbitration and even expressed the intent fully to abide by that body's decision. In fact, Plaintiff fully briefed its arguments against binding it to the arbitration agreement at issue before the ICC and only after the ICC found that a prima facie case of jurisdiction over URS existed and referred the issue to the arbitral tribunal, did URS change tack in order to seek injunctive relief from this Court, now arguing that it is the only body to determine this issue. URS also omits the fact that it will have the opportunity to present its jurisdictional arguments again to the arbitral tribunal in the ICC Arbitration which currently includes a well-respected former federal judge, Judge Charles B. Renfrew, as URS's party-appointed arbitrator.

4. Plaintiff's contention that counsel for Defendant refused to stipulate to a schedule that ensured that Plaintiff's preliminary injunction motion was decided before the ICC Arbitration commenced (Resp. at ¶ 5) is also misleading. In fact, counsel for Defendant proposed an expedited schedule which would result in the Court's resolution of this dispute in advance of any significant proceedings in the arbitration. It was Plaintiff who caused the impasse in the parties' negotiations by insisting on an unconditional stay of all activity in the arbitration – essentially securing the ultimate relief sought here – before it would agree to any briefing schedule, regardless of how expedited that schedule might have been. URS's intent in insisting on such a unilateral concession is clear – Plaintiff seeks to secure an indefinite stay of the ICC Arbitration (where it has already suffered one adverse ruling) and then to prolong the proceedings before this Court (and any subsequent appeal of this Court's ruling) hoping, somehow, to avoid ever having to address Defendant's claims in the ICC Arbitration.

5. Putting aside Plaintiff's invective and misleading assertions, Defendant is prepared to accept the briefing schedule outlined in paragraph 7 of Plaintiff's response ("Proposal I") – a schedule initially proposed by Defendant in the parties' negotiations –

provided that that schedule is not contingent on Defendant's assent to an unconditional stay of the arbitration through and including a final decision on Plaintiff's motion for preliminary injunction. Any such condition would result in a delay of the ICC Arbitration of not less than eight months, i.e. from mid-September to January 10, 2007 to complete briefing of the motion to dismiss and then another 135 days from a decision on that motion in which to brief the motion for preliminary injunction, not including any delay between the close of briefing and the Court's decision on the motion to dismiss or the likely appeal of that decision by whichever party is unsuccessful. Such a schedule essentially deprives Defendant of its bargained-for right to have its claims heard by the arbitral tribunal presiding over the ICC Arbitration in a reasonably timely manner. Further, Plaintiff's lament, that it will suffer "irreparable injury *per se*" if forced to litigate on "two fronts," (Resp. at ¶ 6), is a red herring. As an initial matter, again, it is Plaintiff – not Defendant – who has created the situation of parallel pending proceedings considering the same issue by proceeding in the ICC Arbitration and, upon becoming dissatisfied with the course taken by that proceeding, subsequently initiating this action for the purpose of derailing the prior proceeding. Applying Plaintiff's logic equally, Defendant would be entitled to seek a stay of this action pending resolution of the ICC Arbitration, lest it be subjected to litigation on "multiple fronts" as well. In fact, the weight of the equities falls clearly in Defendant's favor when considering which proceeding should go first since – unlike Plaintiff – it bears no responsibility for creating this conflict in the first place.

6. As stated above, Defendant believes that the briefing schedule it proposed to Plaintiff, which Plaintiff has now adopted, is reasonable and appropriate without any commensurate delay in the ICC Arbitration. However, should the Court be concerned that the



RLF1-3061954-1

arbitration might proceed ahead of this action,[1] Defendant also is prepared to agree to delay the parties' notification to the ICC of their mutual selection of a chairperson for the arbitral tribunal (or of their inability to reach agreement on such a person) for sixty (60) days from October 9, 2006 (the date by which the parties have agreed to make such notification to the ICC) thus delaying any activity in that proceeding for such period. In exchange for this concession by Defendant, Plaintiff would agree that the Court would consider Defendant's motion to dismiss before consideration of its motion for preliminary injunction and that briefing and argument on both motions would proceed on the schedule described in Proposal I. Such a compromise reasonably addresses Plaintiff's concerns regarding timely resolution of this action but does not hold the ICC Arbitration hostage to possible delay (either before this Court or on appeal) in reaching that resolution. Defendant offers this compromise without prejudice to any argument or defense that it may raise in this action or in the ICC Arbitration.

7. Finally, the proposed briefing schedule described in paragraph 8 of Plaintiff's response ("Proposal II") is simply unworkable. Plaintiff proposes that the parties simultaneously file their motions to dismiss and for preliminary injunction on September 25, 2006 – one business day following the filing of this reply – proceed with discovery on the issues raised by both motions and brief their oppositions within a single month (with replies due one month following). Even under the best of circumstances such an aggressive schedule would be difficult to achieve, e.g. Proposal II contemplates only twenty-four (24) business days in which to complete discovery and brief oppositions on both motions, but given the international nature

[1] Defendant would submit that any such concern would be misplaced since the arbitration is likely to proceed at a slower pace than this litigation and the arbitral tribunal has not yet even been fully constituted. Besides, as noted above, even if the arbitration were to advance ahead of this action, URS would suffer no greater harm than SOLIDERE stands to suffer by being

of this dispute and the difficulties in communication and travel between the U.S. and Lebanon, where likely witnesses and documents are concentrated, it is utterly impossible. Moreover, as explained above, and conceded by Plaintiff (see Resp. at ¶¶ 3, 5), there is no need for such a drastic schedule since the arbitral tribunal in the ICC Arbitration has not yet been finalized and it will likely be some months before any activity in that proceeding takes place.

For the reasons stated above, Defendant respectfully requests the Court schedule a teleconference to discuss these issues and/or issue a reasonable briefing schedule, as described herein, which addresses Defendant's forthcoming motion to dismiss in advance of any consideration of Plaintiff's anticipated motion for preliminary injunction without any delay of the proceedings of the ICC Arbitration and for such other relief as may be just and proper.

Samuel A. Nolen (#971)
Frederick L. Cottrell, III (#2555)
Matthew W. King (#4566)
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19899-0551
P.O. Box 551
302-651-7700
Nolen@rlf.com
Cottrell@rlf.com
King@rlf.com
*Attorney for Defendant The Lebanese Company for the Development and Reconstruction of Beirut Central District, S.A.L.*

Of Counsel:

Paul B. Carberry
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8507

Dated: September 22, 2006

---

compelled to litigate this action in Delaware rather than in an international arbitration in its chosen forum of Paris.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY HAND**

Edward P. Welch
Edward B. Micheletti
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

I hereby certify that on September 22, 2006, the foregoing document was sent to the following non-registered participants in the manner indicated:

**VIA FEDERAL EXPRESS**

Jeffrey H. Dasteel
Jason D. Russell
Marina V. Bogorad
Skadden, Arps, Slate, Meagher & Flom LLP
300 S. Grand Avenue, 34th Floor
Los Angeles, CA 90071

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com