IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| URS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE LEBANESE COMPANY FOR THE )<br>DEVELOPMENT AND RECONSTRUCTION )<br>OF BEIRUT CENTRAL DISTRICT, S.A.L., )<br>a/k/a SOLIDERE, )<br>)<br>Defendant. )<br>) | C.A. No. 06-415-SLR |

**AFFIDAVIT IN SUPPORT OF SERVICE BY**
**REGISTERED MAIL IN LEBANON**

STATE OF DELAWARE     )
                                          :ss.:
COUNTY OF NEW CASTLE  )

I, Edward B. Micheletti, do hereby declare and state as follows:

1. I am a member of the bar of this Court and a member of the firm Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record to Plaintiff herein. I submit this affidavit in support of service of process by registered mail upon Defendant in this action under the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. §§ 1603-1611.

2. Certain attorneys at my firm, under my supervision, have researched service of process in Lebanon by consulting with counsel proficient in the matters of Lebanese law and have found that service by mail is an acceptable means of service in that country. Additionally, the FSIA provides that service "shall be made . . . by any form of mail requiring a signed receipt." 28 U.S.C. § 1608(b)(3)(B).

3. URS Corporation ("URS") has attempted to effect service of process under Section 1608(b)(3)(B) of the FSIA on two separate occasions, but because mail service to

Lebanon had been temporarily suspended due to the current political situation there, service was returned as undeliverable on both occasions. (D.I. 13, 24).

4. An attorney at my firm, under my supervision, contacted the United States Post Office in Wilmington, Delaware on October 6, 2006 and was told that delivery of mail to Lebanon has been restored through Global Express Guaranteed (a type of registered mail). Accordingly, URS intends to make a third attempt to serve Defendant by mail under Section 1608(b)(3)(B).

5. If unsuccessful, URS intends to use 28 U.S.C. § 1608(b)(3)(C) to effect service of process. Section 1608(b)(3)(C) of the FSIA provides that service can be made "as directed by order of the court consistent with the law of the place where service is to be made." The United States Department of State has advised an attorney at my firm that under that provision, URS could seek to obtain a court order allowing a special process server in Lebanon to effect service. In executing such an order, URS would send the summons and complaint (and other relevant documents) to a special process server in Lebanon via facsimile or e-mail, and the special process server would, in turn, deliver those documents to Defendant.

I declare the foregoing to be true and correct under penalty of perjury pursuant to the laws of the State of Delaware and the United States.

Executed this 10th day of October, 2006 at Wilmington, Delaware.

Edward B. Micheletti

Sworn to before me this
10th day of October, 2006

TAMETA R. SAUNDERS
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Jan. 27, 2010