IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| URS CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-415-SLR |
| v. | ) | |
| | ) | |
| THE LEBANESE COMPANY FOR THE | ) | |
| DEVELOPMENT AND RECONSTRUCTION | ) | |
| OF BEIRUT CENTRAL DISTRICT, S.A.L., | ) | |
| a/k/a SOLIDERE, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF ISSUANCE OF SUBPOENAS</u>

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Plaintiff

URS Corporation, by and through its attorneys of record, has issued subpoenas for documents on

the following parties for the dates and locations listed below:

| PARTY | DATE | LOCATION |
|---|---|---|
| **The United States Trade and Development Agency** 1000 Wilson Boulevard, Suite 1600 Arlington, VA 22209-3901 | November 29, 2006 | Skadden, Arps, Slate, Meagher & Flom, LLP 1440 New York Avenue, N.W. Washington, D.C. 20005-2111 |
| **Export-Import Bank of the United States** 811 Vermont Avenue, N.W. Washington, DC 20571 | November 29, 2006 | Skadden, Arps, Slate, Meagher & Flom, LLP 1440 New York Avenue, N.W. Washington, D.C. 20005-2111 |
| **The Bank of New York Company, Inc.** One Wall Street New York, NY 10286 | November 29, 2006 | Skadden, Arps, Slate, Meagher & Flom, LLP Four Times Square 520 Madison Avenue New York, N.Y. 10022 |
| **Paul C. Rizzo Associates, Inc.** 105 Mall Boulevard Suite 270, Expo Mart Monroeville, PA 15146 | November 29, 2006 | Ikon Document Services USX Tower 600 Grant Street, Suite 1275 Pittsburgh, PA 15219 |
| **The Hariri Foundation** 7501 Wisconsin Avenue, Suite 715 Bethesda, MD 20814 | November 29, 2006 | Skadden, Arps, Slate, Meagher & Flom, LLP 1440 New York Avenue, N.W. Washington, D.C. 20005-2111 |

Copies of the corresponding subpoenas are attached as Exhibits A-E.


Respectfully submitted,


/s/ Edward B. Micheletti
Edward B. Micheletti (#3794)
T. Victor Clark (#4233)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899

Attorneys for URS Corporation


DATED:  November 3, 2006

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

Issued by the

# United States District Court

_____DISTRICT OF COLUMBIA_____

URS Corporation

    v.

The Lebanese Company for the Development and
Reconstruction of Beirut Central District, S.A.L., a/k/a Solidere

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 06-415 SLR
United States District Court for the District of Delaware

TO:  **The United States Trade and Development Agency**
     1000 Wilson Boulevard, Suite 1600
     Arlington, VA 22209-3901

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
     **See Schedule A attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom, LLP | November 29, 2006 |
| 1440 New York Avenue, N.W. | |
| Washington, D.C. 20005-2111 | |
| (202) 371-7000 | |
| Attn: Jermayne Williams | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | November 13, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Victor Clark (I.D. No. 4233)
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801
(302) 651-3000

(See Rule 45 Federal Rule of Civil Procedure Parts C & D on Reverse)

_____

[1]    If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)   subjects a person to undue burden.
(B)   If a subpoena
(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash

or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.
(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

You shall produce all of the documents in your possession, custody or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to:

1.    All communications or contact with the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere ("Solidere"), and any of its predecessors, parent corporations, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

2.    The statement by Henry Steingass, the regional director for Africa and the Middle East for the United States Trade and Development Agency ("USTDA"), that "USTDA threw in some more grant money to Solidere ..., about $220,000, 'as a condition that they select the American company'" for the project involving land reclamation at the Normandy Landfill in Beirut, Lebanon, as stated in "Mr. Hariri Goes to Washington: The prime minister's prime real estate," by Richard W. Carlson, The Weekly Standard, May 12, 2003, found at www.weeklystandard.com/Content/Public/Articles/000/000/002/634oyvai.asp.

3.    Any agreement, arrangement or precondition for grants or other funds received by Solidere from USTDA that the grants or funds would be given to Solidere only if it deals with U.S. companies, contractors or suppliers.

## Definitions and Instructions

A.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral

1

transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

   B.  "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to all originals, nonidentical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located, including but not limited to any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including but not limited to tape, cassette, disc, magnetic card or recording. "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

   C.  "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

   D.  The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each request for production shall be construed broadly rather than narrowly.

2

E.      Each request for production seeks production of each document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each document.

F.      The plural shall include the singular and the singular shall include the plural as the context requires so that each request for production shall be construed broadly rather than narrowly.

G.      If any document requested herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit, in lieu of any such document, a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the Person(s) who prepared or authored the document, and, if applicable, the Person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the Person(s) performing the destruction.

H.      If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such document, a written statement (a) identifying the Person(s) who prepared or authored the document and, if applicable, the Person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product and (e) identifying the paragraph of the request to which the document relates.

I.      If a portion of an otherwise responsive document contains information subject to a claim of privilege, only that portion of the document subject to the claim of privilege

3

shall be deleted or redacted from the document following the instructions in the preceding paragraph and the rest shall be produced.

J.    All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this Subpoena. The method of production of each category is to be identified at the time of production.

K.    Unless otherwise indicated, the documents to be produced pursuant to this Subpoena include all documents prepared, sent, dated, received or used at any time from May 1, 1994 until the present.

L.    Each request for the production of documents shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover additional documents between the time of initial production and the time of deposition, settlement or trial.

4

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

Issued by the

# United States District Court

_____DISTRICT OF COLUMBIA_____

URS Corporation

    v.

The Lebanese Company for the Development and
Reconstruction of Beirut Central District, S.A.L., a/k/a Solidere

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 06-415 SLR
United States District Court for the District of Delaware

TO:  **Export-Import Bank of the United States**
    811 Vermont Avenue, N.W.
    Washington, DC 20571

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    **See Schedule A attached hereto.**

| PLACE | DATE AND TIME |
| --- | --- |
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>1440 New York Avenue, N.W.<br>Washington, D.C.  20005-2111<br>(202) 371-7000<br>Attn: Jermayne Williams | November 29, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorney for Plaintiff | November 13, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Victor Clark  (I.D. No. 4230)
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801
(302) 651-3000

**(See Rule 45 Federal Rule of Civil Procedure Parts C & D on Reverse)**

_____

[1]    If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.
(B)    If a subpoena
(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash

or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.
(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **Schedule A**

You shall produce all of the documents in your possession, custody or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to:

1.    All communications or contact with the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere ("Solidere"), and any of its predecessors, parent corporations, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

2.    Any agreement, arrangement or precondition for loan guarantee or other funds received by Solidere from the Export-Import Bank that the loan guarantee or funds would be given to Solidere only if it deals with U.S. companies, contractors or suppliers.

### Definitions and Instructions

A.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

B.    "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to all originals, nonidentical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located, including but not limited to any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-

1

office communications, e-mail message, report, chart, graph, summary, index, diary, desk or

pocket calendar, notebook, any magnetic or other recording tape, computer data (including

information or programs stored in a computer, whether or not ever printed out or displayed),

photograph, microfiche, microfilm, videotape, record or motion picture, and electronic,

mechanical, or electrical record or representation of any kind, including but not limited to tape,

cassette, disc, magnetic card or recording. "Document" shall also include the file folders in

which said documents are maintained and any table of contents or index thereto; and copies of

documents of which the originals have been destroyed pursuant to a document destruction policy

or otherwise.

        C.        "Person" shall mean, without limitation, any natural person, firm, sole

proprietorship, partnership, corporation, association, trust, governmental body or agency, and all

past and present officers, directors, employees and agents, along with all others acting or

purporting to act on such Person's behalf.

        D.        The words "and" and "or" shall be construed to be either conjunctive or

disjunctive as the context requires so that each request for production shall be construed broadly

rather than narrowly.

        E.        Each request for production seeks production of each document in its

entirety, without abbreviation or redaction, and all drafts and non-identical copies of each

document.

        F.        The plural shall include the singular and the singular shall include the

plural as the context requires so that each request for production shall be construed broadly

rather than narrowly.

2

G.      If any document requested herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit, in lieu of any such document, a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the Person(s) who prepared or authored the document, and, if applicable, the Person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the Person(s) performing the destruction.

H.      If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such document, a written statement (a) identifying the Person(s) who prepared or authored the document and, if applicable, the Person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product and (e) identifying the paragraph of the request to which the document relates.

I.      If a portion of an otherwise responsive document contains information subject to a claim of privilege, only that portion of the document subject to the claim of privilege shall be deleted or redacted from the document following the instructions in the preceding paragraph and the rest shall be produced.

J.      All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this Subpoena. The method of production of each category is to be identified at the time of production.

3

K.    Unless otherwise indicated, the documents to be produced pursuant to this Subpoena include all documents prepared, sent, dated, received or used at any time from May 1, 1994 until the present.

L.    Each request for the production of documents shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover additional documents between the time of initial production and the time of deposition, settlement or trial.

4

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

**Issued by the**

# United States District Court

_____SOUTHERN DISTRICT OF NEW YORK_____

URS Corporation

       v.

The Lebanese Company for the Development and
Reconstruction of Beirut Central District, S.A.L., a/k/a Solidere

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 06-415 SLR
United States District Court for the District of Delaware

TO:  **The Bank of New York Company, Inc.**
     One Wall Street
     New York, NY 10286

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
     **See Schedule A attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>Four Times Square<br>520 Madison Ave.<br>New York, NY 10022<br>Attn: Steven Katzenstein | November 29, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | November 13, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Victor Clark  (I.D. No. 4233)
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801
(302) 651-3000

(See Rule 45 Federal Rule of Civil Procedure Parts C & D on Reverse)

_____

[1]    If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.
(B)  If a subpoena
(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash

or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.
(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

You shall produce all of the documents in your possession, custody or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to:

1.    All communications or contact with the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere, and any of its predecessors, parent corporations, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

### Definitions and Instructions

A.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

B.    "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to all originals, nonidentical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located, including but not limited to any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic,

1

mechanical, or electrical record or representation of any kind, including but not limited to tape, cassette, disc, magnetic card or recording. "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

C.    "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

D.    The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each request for production shall be construed broadly rather than narrowly.

E.    Each request for production seeks production of each document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each document.

F.    The plural shall include the singular and the singular shall include the plural as the context requires so that each request for production shall be construed broadly rather than narrowly.

G.    If any document requested herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit, in lieu of any such document, a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the Person(s) who prepared or authored the document, and, if applicable, the Person(s) to whom the document was sent, (c) specifying the date on

2

which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the Person(s) performing the destruction.

       H.       If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such document, a written statement (a) identifying the Person(s) who prepared or authored the document and, if applicable, the Person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product and (e) identifying the paragraph of the request to which the document relates.

       I.       If a portion of an otherwise responsive document contains information subject to a claim of privilege, only that portion of the document subject to the claim of privilege shall be deleted or redacted from the document following the instructions in the preceding paragraph and the rest shall be produced.

       J.       All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this Subpoena. The method of production of each category is to be identified at the time of production.

       K.       Unless otherwise indicated, the documents to be produced pursuant to this Subpoena include all documents prepared, sent, dated, received or used at any time from May 1, 1994 until the present.

       L.       Each request for the production of documents shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover additional documents between the time of initial production and the time of deposition, settlement or trial.

3

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

Issued by the
# United States District Court

_____WESTERN DISTRICT OF PENNSYLVANIA_____

URS Corporation

    v.

The Lebanese Company for the Development and
Reconstruction of Beirut Central District, S.A.L., a/k/a Solidere

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 06-415 SLR
United States District Court for the District of Delaware

TO:   **Paul C. Rizzo Associates, Inc.**
     105 Mall Boulevard
     Suite 270, Expo Mart
     Monroeville, PA 15146

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
     **See Schedule A attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Ikon Document Services<br>USX Tower<br>600 Grant Street, Suite 1275<br>Pittsburgh, PA 15219<br>Attn: Rob Hooker, 412-281-6700 | November 29, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | November 13, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Victor Clark (I.D. No. 4238)
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801
(302) 651-3000

**(See Rule 45 Federal Rule of Civil Procedure Parts C & D on Reverse)**

_____

[1]    If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)   subjects a person to undue burden.
(B)   If a subpoena
(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash

or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.
(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

You shall produce all of the documents in your possession, custody or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to:

1.    All communications or contact with the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere, and any of its predecessors, parent corporations, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

### Definitions and Instructions

A.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

B.    "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to all originals, nonidentical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located, including but not limited to any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic,

1

mechanical, or electrical record or representation of any kind, including but not limited to tape, cassette, disc, magnetic card or recording. "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

C.    "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

D.    The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each request for production shall be construed broadly rather than narrowly.

E.    Each request for production seeks production of each document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each document.

F.    The plural shall include the singular and the singular shall include the plural as the context requires so that each request for production shall be construed broadly rather than narrowly.

G.    If any document requested herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit, in lieu of any such document, a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the Person(s) who prepared or authored the document, and, if applicable, the Person(s) to whom the document was sent, (c) specifying the date on

2

which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the Person(s) performing the destruction.

H.    If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such document, a written statement (a) identifying the Person(s) who prepared or authored the document and, if applicable, the Person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product and (e) identifying the paragraph of the request to which the document relates.

I.    If a portion of an otherwise responsive document contains information subject to a claim of privilege, only that portion of the document subject to the claim of privilege shall be deleted or redacted from the document following the instructions in the preceding paragraph and the rest shall be produced.

J.    All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this Subpoena. The method of production of each category is to be identified at the time of production.

K.    Unless otherwise indicated, the documents to be produced pursuant to this Subpoena include all documents prepared, sent, dated, received or used at any time from May 1, 1994 until the present.

L.    Each request for the production of documents shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover additional documents between the time of initial production and the time of deposition, settlement or trial.

3

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

Issued by the

# United States District Court

_____DISTRICT OF COLUMBIA_____

URS Corporation

     v.

The Lebanese Company for the Development and
Reconstruction of Beirut Central District, S.A.L., a/k/a Solidere

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 06-415 SLR
United States District Court for the District of Delaware

TO:  **The Hariri Foundation - USA**
     7501 Wisconsin Avenue, Suite 715
     Bethesda, MD 20814

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    **See Schedule A attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>1440 New York Avenue, N.W.<br>Washington, D.C.  20005-2111<br>(202) 371-7000<br>Attn: Jermayne Williams | November 29, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | November 13, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Victor Clark  (I.D. No.  4235)
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801
(302) 651-3000

**(See Rule 45 Federal Rule of Civil Procedure Parts C & D on Reverse)**

_____

[1]    If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.
(B)    If a subpoena
(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.
(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

473978-Wilmington S1A

## Schedule A

You shall produce all of the documents in your possession, custody or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to:

1.    All communications or contact with the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere, and any of its predecessors, parent corporations, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

2.    Any use of the executive resume data bank as described at www.haririfoundationusa.org – including consideration or hiring of resume data bank registrants – by the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere, and any of its predecessors, parent corporations, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

### Definitions and Instructions

A.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

B.    "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to all originals, nonidentical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced

1

or reproduced, and regardless of where located, including but not limited to any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including but not limited to tape, cassette, disc, magnetic card or recording. "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

      C.      "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

      D.      The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each request for production shall be construed broadly rather than narrowly.

      E.      Each request for production seeks production of each document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each document.

2

F.      The plural shall include the singular and the singular shall include the plural as the context requires so that each request for production shall be construed broadly rather than narrowly.

G.      If any document requested herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit, in lieu of any such document, a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the Person(s) who prepared or authored the document, and, if applicable, the Person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the Person(s) performing the destruction.

H.      If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such document, a written statement (a) identifying the Person(s) who prepared or authored the document and, if applicable, the Person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product and (e) identifying the paragraph of the request to which the document relates.

I.      If a portion of an otherwise responsive document contains information subject to a claim of privilege, only that portion of the document subject to the claim of privilege shall be deleted or redacted from the document following the instructions in the preceding paragraph and the rest shall be produced.

3

J.      All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this Subpoena. The method of production of each category is to be identified at the time of production.

K.      Unless otherwise indicated, the documents to be produced pursuant to this Subpoena include all documents prepared, sent, dated, received or used at any time from May 1, 1994 until the present.

L.      Each request for the production of documents shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover additional documents between the time of initial production and the time of deposition, settlement or trial.

4