IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| URS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-415-SLR |
| v. | ) |
| | ) |
| THE LEBANESE COMPANY FOR THE | ) |
| DEVELOPMENT AND RECONSTRUCTION | ) |
| OF BEIRUT CENTRAL DISTRICT, S.A.L., | ) |
| a/k/a SOLIDERE, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF FED. R. CIV. PROC. 30(b)(6) DEPOSITION

TO:   Samuel A. Nolen (I.D. No. 971)
      Richards, Layton & Finger
      One Rodney Square
      P.O. Box 551
      Wilmington, DE 19899-0551
      302-651-7700

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, attorneys for Plaintiff URS Corporation ("URS") will take the deposition of The Lebanese Company For The Development And Reconstruction Of Beirut Central District Sal, a/k/a Solidere ("Solidere"), on December 15, 2006, at 9:00 a.m. at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, Wilmington, Delaware 19899, or at such other location, date and time as may be agreed to among counsel. The deposition, which will be recorded by videotape and stenographic means,

will be taken before an officer authorized to administer oaths, and will continue from day to day until completed.

The matters on which examination is requested are described in "Schedule A," which is attached hereto and incorporated by reference. Pursuant to Rule 30(b)(6), Defendant is under a duty to designate one or more representatives who are most knowledgeable on the matters described in Schedule A to testify on their behalf.

/s/ Edward B. Micheletti
Edward P. Welch (I.D. No. 671)
Edward B. Micheletti (I.D. No. 3794)
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899
302-651-3000

*Attorneys For Plaintiff URS Corporation*

OF COUNSEL:

Jeffrey H. Dasteel
Jason D. Russell
Marina V. Bogorad
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
300 S. Grand Avenue, 34th Floor
Los Angeles, California  90071
(213) 687-5000

DATED: November 13, 2006

2

**SCHEDULE A**

**DEFINITIONS AND INSTRUCTIONS**

For purposes of this Rule 30(b)(6) deposition notice, the following definitions and instructions shall apply:

A. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

B. The term "commercial dealings" means any business, financial, trade and industrial activities, including (without limitation) provision or receipt of services.

C. The term "Complaint" means the complaint filed in this action on June 30, 2006.

D. The terms "Defendant" means the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L., a/k/a Solidere, including all agents, officers, employees, contractors, subcontractors or other representatives acting on Defendant's behalf.

E. The term "Document" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to, all originals, non-identical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located,

3

including but not limited to any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, electronically stored information (including information, metadata or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including but not limited to tape, cassette, disc, magnetic card or recording. "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

  F. When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment and title. If for any natural person so identified any of the above information was different at the time with which a particular Interrogatory is concerned, supply both current information and such different information as applies to the time in question. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

  G. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document (e.g., letter, e-mail); (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

H. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party means the party and, where applicable, its officers, directors, employees, contractors, subcontractors, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

I. The term "person" is defined as any natural person or business, legal or governmental entity or association.

J. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

K. The term "Contract" means the agreement of January 25, 199 between Defendant and Radian International LLC ("Radian") as alleged in Paragraph 33 of the Complaint, including all exhibits, attachments, extensions, modifications and amendments to the Contract.

L. The term "State of Lebanon" means the Lebanese Republic, including its government and any legislative or administrative bodies associated with or contained therein (local, municipal or otherwise), regulatory agencies, professional or business entities, instrumentalities, officials, and/or persons affiliated with, employed by, appointed by or in any way related to that government.

M. The use of the singular shall be deemed to include the plural and vice versa, and the use of one gender shall include all others as are appropriate in the context.

N. "And" and "or" shall be read in the conjunctive or disjunctive in a manner to provide the broadest scope of an Interrogatory.

O. Unless otherwise indicated, the information requested herein pertains to any time from May 5, 1993 until the present.

## TOPICS ON WHICH TESTIMONY IS REQUESTED
## UNDER FED. R. CIV. PROC. 30(B)(6)

1. All communications and contacts between the Defendant and anyone in, or connected with, the United States relating to bids for the performance of work contemplated by the Contract, or any other contract or venture in which Defendant has participated.

2. All communications or contacts between Defendant and any person in the United States relating in any way to the Contract, or any other contract or venture in which Defendant has participated.

3. All visits or other activities in the United States by Defendant relating in any way to the Contract, or any other contract or venture in which Defendant has participated.

4. All persons or entities located in the United States with whom Defendant has had commercial dealings, and the nature of such dealings.

5. All communications, correspondence, or inquiries received or sent by Defendant from or to any person located in the United States.

6. Performance in the United States of any portion of the Contract or any other contract or venture in which Defendant has participated.

7. All contacts with the United States government or any of its agencies and instrumentalities, including (without limitation) financial incentives offered to the Defendant to select U.S. companies to perform work for the Defendant.

8. Trading, sale, purchase, distribution, promotion, marketing, and advertising of Defendant's stock, Global Depository Receipts ("GDRs") or any other investment instruments in the United States, as well as investment or solicitation of investment in Defendant's stock, GDRs or other investment instruments in the United States.

9. Defendant's contention that Defendant's employees are "all private sector, not government, employees," as stated in the Opening Brief in Support of Defendant Solidere's Motion to Dismiss the Complaint, at 14 n.10.

10. Any relationships between officers, board members, consultants, subcontractors, shareholders or employees of Defendant – whether social, professional or familial – and any employee, official, administrator or person otherwise connected with the State of Lebanon.

11. The compensation, whether monetary or otherwise, provided to the Defendant by the State of Lebanon for work related to the Contract, including (without limitation) rights and privileges enjoyed by the Defendant, such as eminent domain rights, and the State of Lebanon's involvement in creation, approval and implementation of any scheme of compensation for Defendant's activities.

12. The creation of the Defendant, including, but not limited to, the purpose of its creation, the parties involved in its creation, and any involvement, whether financial, legislative, regulatory or otherwise, of the State of Lebanon in that creation.

13. The supervision or oversight of the Defendant by the State of Lebanon.

14. Former and present business activities of the Defendant, and the purpose of those activities, including, but not limited to, any public or government purpose of the State of Lebanon.

15. Any support, services or assistance provided by the State of Lebanon to the Defendant, contractually or extra-contractually, including, but not limited to, financial support, personnel, administrative, police force or otherwise.

16. Defendant's employment policies, including, but not limited to, the hiring, compensation or termination of former or present public employees.

17. The ownership structure of the Defendant.