# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| URS CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-415-SLR |
| | ) | |
| THE LEBANESE COMPANY FOR THE | ) | |
| DEVELOPMENT AND RECONSTRUCTION | ) | |
| OF BEIRUT CENTRAL DISTRICT, S.A.L., | ) | |
| a/k/a SOLIDERE, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE OF SUBPOENAS

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff URS Corporation has served subpoenas upon The United States Trade and Development Agency, Export-Import Bank of the United States, The Bank of New York Company, Inc., Paul C. Rizzo Associates, Inc., and The Hariri Foundation – USA, copies of which are attached hereto.

Respectfully submitted,

/s/ Edward B. Micheletti
Edward B. Micheletti (#3794)
T. Victor Clark (#4233)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899

Attorneys for URS Corporation

DATED:  November 22, 2006

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

Issued by the

# United States District Court

_____DISTRICT OF COLUMBIA_____

URS Corporation

    v.

The Lebanese Company for the Development and
Reconstruction of Beirut Central District, S.A.L., a/k/a Solidere

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 06-415 SLR
United States District Court for the District of Delaware

TO: **The United States Trade and Development Agency**
    1000 Wilson Boulevard, Suite 1600
    Arlington, VA 22209-3901

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    **See Schedule A attached hereto.**

| PLACE<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>1440 New York Avenue, N.W.<br>Washington, D.C. 20005-2111<br>(202) 371-7000<br>Attn: Jermayne Williams | DATE AND TIME<br><br>November 29, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiff | DATE<br><br>November 13, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Victor Clark (I.D. No. 4233)
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801
(302) 651-3000

(See Rule 45 Federal Rule of Civil Procedure Parts C & D on Reverse)

_____

[1]    If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| SERVED | 11-14-06  1:14pm | 1000 Wilson Blvd., Suite 1600  Arlington, VA 22209-3501 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Enoh T. Ebong, Attorney/Advisor | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Andre' W. Keith | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  11-14-06
DATE

_____
SIGNATURE OF SERVER

1115 Mass Av, NW
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.
(B)    If a subpoena
(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash

or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.
(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## <u>Schedule A</u>

You shall produce all of the documents in your possession, custody or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to:

1. All communications or contact with the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere ("Solidere"), and any of its predecessors, parent corporations, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

2. The statement by Henry Steingass, the regional director for Africa and the Middle East for the United States Trade and Development Agency ("USTDA"), that "USTDA threw in some more grant money to Solidere ..., about $220,000, 'as a condition that they select the American company'" for the project involving land reclamation at the Normandy Landfill in Beirut, Lebanon, as stated in "Mr. Hariri Goes to Washington: The prime minister's prime real estate," by Richard W. Carlson, The Weekly Standard, May 12, 2003, found at www.weeklystandard.com/Content/Public/Articles/000/000/002/634oyvai.asp.

3. Any agreement, arrangement or precondition for grants or other funds received by Solidere from USTDA that the grants or funds would be given to Solidere only if it deals with U.S. companies, contractors or suppliers.

### <u>Definitions and Instructions</u>

A. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral

1

transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

B.     "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to all originals, nonidentical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located, including but not limited to any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including but not limited to tape, cassette, disc, magnetic card or recording. "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

C.     "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

D.     The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each request for production shall be construed broadly rather than narrowly.

E.    Each request for production seeks production of each document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each document.

F.    The plural shall include the singular and the singular shall include the plural as the context requires so that each request for production shall be construed broadly rather than narrowly.

G.    If any document requested herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit, in lieu of any such document, a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the Person(s) who prepared or authored the document, and, if applicable, the Person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the Person(s) performing the destruction.

H.    If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such document, a written statement (a) identifying the Person(s) who prepared or authored the document and, if applicable, the Person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product and (e) identifying the paragraph of the request to which the document relates.

I.    If a portion of an otherwise responsive document contains information subject to a claim of privilege, only that portion of the document subject to the claim of privilege

3

shall be deleted or redacted from the document following the instructions in the preceding paragraph and the rest shall be produced.

        J.        All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this Subpoena. The method of production of each category is to be identified at the time of production.

        K.        Unless otherwise indicated, the documents to be produced pursuant to this Subpoena include all documents prepared, sent, dated, received or used at any time from May 1, 1994 until the present.

        L.        Each request for the production of documents shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover additional documents between the time of initial production and the time of deposition, settlement or trial.

.

4

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

Issued by the

# United States District Court

_____DISTRICT OF COLUMBIA_____

URS Corporation

v.

The Lebanese Company for the Development and
Reconstruction of Beirut Central District, S.A.L., a/k/a Solidere

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 06-415 SLR
United States District Court for the District of Delaware

TO:  **Export-Import Bank of the United States**
Office of the General Counsel
811 Vermont Avenue, N.W.
Washington, DC 20571

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
   **See Schedule A and the Affidavit of Edward B. Micheletti attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>1440 New York Avenue, N.W.<br>Washington, D.C.  20005-2111<br>(202) 371-7000<br>Attn: Jermayne Williams | December 22, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| **Attorney for Plaintiff** | November 21, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Victor Clark  (I.D. No.  4233)
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801
(302) 651-3000

(See Rule 45 Federal Rule of Civil Procedure Parts C & D on Reverse)

_____

[1]    If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

### PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 11-21-06  1:57pm | Export - Import Bank of the United States 811 Vermont Ave, NW, Wash, DC 20571 |

SERVED ON (PRINT NAME)  *Charlotte Stirkens, Legal Affairs Manager*    MANNER OF SERVICE

SERVED BY (PRINT NAME)  *Andre' W. Keith*    TITLE  *process server*

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  *11-21-06*

DATE

SIGNATURE OF SERVER

*1115 Mass Ave, NW*

ADDRESS OF SERVER

*Washington, DC 20005*

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.
(B)    If a subpoena
(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash

or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.
(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

You shall produce all of the documents in your possession, custody or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to:

1.      All communications or contact with the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere ("Solidere"), and any of its predecessors, parent corporations, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

2.      Any agreement, arrangement or precondition for loan guarantee or other funds received by Solidere from the Export-Import Bank that the loan guarantee or funds would be given to Solidere only if it deals with U.S. companies, contractors or suppliers.

### Definitions and Instructions

A.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

B.      "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to all originals, nonidentical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located, including but not limited to any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-

office communications, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including but not limited to tape, cassette, disc, magnetic card or recording.  "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

C.      "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

D.      The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each request for production shall be construed broadly rather than narrowly.

E.      Each request for production seeks production of each document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each document.

F.      The plural shall include the singular and the singular shall include the plural as the context requires so that each request for production shall be construed broadly rather than narrowly.

G.      If any document requested herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit, in lieu of any such document, a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the Person(s) who prepared or authored the document, and, if applicable, the Person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the Person(s) performing the destruction.

H.      If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such document, a written statement (a) identifying the Person(s) who prepared or authored the document and, if applicable, the Person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product and (e) identifying the paragraph of the request to which the document relates.

I.      If a portion of an otherwise responsive document contains information subject to a claim of privilege, only that portion of the document subject to the claim of privilege shall be deleted or redacted from the document following the instructions in the preceding paragraph and the rest shall be produced.

J.      All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this Subpoena.  The method of production of each category is to be identified at the time of production.

3

K.      Unless otherwise indicated, the documents to be produced pursuant to this Subpoena include all documents prepared, sent, dated, received or used at any time from May 1, 1994 until the present.

L.      Each request for the production of documents shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover additional documents between the time of initial production and the time of deposition, settlement or trial.

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| URS CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-415-SLR |
| v. | ) | |
| | ) | |
| THE LEBANESE COMPANY FOR THE | ) | |
| DEVELOPMENT AND RECONSTRUCTION | ) | |
| OF BEIRUT CENTRAL DISTRICT, S.A.L., | ) | |
| a/k/a SOLIDERE, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT IN SUPPORT OF SUBPOENA

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | :ss.: |
| COUNTY OF NEW CASTLE | ) |

I, Edward B. Micheletti, being duly sworn, do hereby declare and state as follows:

1.      I am a partner in the Wilmington office of Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for plaintiff URS Corporation ("URS"). I submit this affidavit in support of URS's subpoena (the "Subpoena") to the Export-Import Bank of the United States ("Ex-Im Bank") under 12 CFR § 404.27.

2.      The Subpoena was issued in the above-captioned litigation, in which URS seeks a preliminary injunction enjoining defendant the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere ("Solidere") from proceeding against URS in an International Chamber of Commerce ("ICC") arbitration filed in Paris, France. The dispute concerns a contract (the "Contract") between Radian and Solidere governing a project for the reclamation of an area of land in Beirut known as the Normandy Landfill.

3.    Solidere moved to dismiss this action for lack of personal jurisdiction, asserting that it lacks sufficient contacts with the United States to be brought before a United States court. The Subpoena seeks documents that would enable URS to oppose Solidere's motion to dismiss by establishing contacts between Solidere and the Ex-Im Bank, an agency of the United States.

4.    URS has alleged that Solidere financed the United States portion of the Contract with a $14.7 million long-term guarantee from the Ex-Im Bank. The Subpoena seeks all materials relating to that financing that are in the possession of the Ex-Im Bank, including (without limitation) application materials, internal memoranda of calls and meetings, correspondence and supporting paperwork attendant to any draw down on funds pledged by the Ex-Im Bank in connection with the Contract. The Subpoena also seeks any other evidence of contacts between Solidere, its employees or agents, and the Ex-Im Bank, its employees or agents, whether or not those contacts are related to the Contract and/or long-term guarantee.

5.    The documents sought by the Subpoena, which include documents reflecting internal communications, cannot be obtained from any other source because they are solely in the possession of the Ex-Im Bank.

_____
Edward B. Micheletti (#3794)

Sworn to before me this
21st day of November, 2006

_____
Notary Public

ZANETA R. SAUNDERS
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Jan. 27, 2010

2

477240-Wilmington Server 1A - MSW

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the
# United States District Court

_____SOUTHERN DISTRICT OF NEW YORK_____

URS Corporation

    v.

The Lebanese Company for the Development and
Reconstruction of Beirut Central District, S.A.L., a/k/a Solidere

## SUBPOENA  IN A CIVIL CASE

CASE NUMBER:[1] 06-415 SLR
United States District Court for the District of Delaware

TO:  **The Bank of New York Company, Inc.**
     One Wall Street
     New York, NY 10286

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    **See Schedule A attached hereto.**

| PLACE<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>Four Times Square<br>520 Madison Ave.<br>New York, NY 10022<br>Attn: Steven Katzenstein | DATE AND TIME<br><br>November 29, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiff | DATE<br><br>November 13, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Victor Clark (I.D. No. 4835)
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801
(302) 651-3000

(See Rule 45 Federal Rule of Civil Procedure Parts C & D on Reverse)

---

[1]   If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.
(B)    If a subpoena
(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash

or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

© 1968 JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

COURT    UNITED STATES DISTRICT COURT
COUNTY OF            SOUTHERN DISTRICT OF NEW YORK

URS CORPORATION

                                                    Plaintiff(s)                Index No.  06-415 SLR

                against                                                        *AFFIDAVIT OF*
                                                                               *SERVICE OF SUBPOENA*
THE LEBANESE COMPANY FOR THE DEVELOPMENT AND                                   IN A CIVIL CASE
RECONSTRUCTION OF BEIRUT CENTRAL DISTRICT, S.A.L.,
A/K/A SOLIDERE                              Defendant(s)

STATE OF NEW YORK, COUNTY OF  NEW YORK          SS:    The undersigned, being duly sworn, deposes and says; deponent is not a
party herein, is over 18 years of age and resides at  SUNNYSIDE, NEW YORK
That on  11/14/06                         at 12:08 P M., at ONE WALL STREET, NEW YORK, NEW YORK 10286—11TH FLOOR
deponent served the within subpoena on   THE BANK OF NEW YORK COMPANY, INC.                      witness therein named,
IN A CIVIL CASE

**INDIVIDUAL**
1. ☐    by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in said
        subpoena.
**CORPORATION**
2. ☒    a  DOMESTIC           corporation, by delivering thereat a true copy to  JENNIFER M. GUTIERREZ
        personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be
        MANAGING AGENT       thereof.
**SUITABLE AGE PERSON**
3. ☐    by delivering thereat a true copy to                                          a person of suitable age
        and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.
**AFFIXING TO DOOR, ETC.**
4. ☐    by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place
        of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion
        thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4**
5A. ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness
        at witness' last known residence, at                                          and deposited
        said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4**
5B. ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly
        addressed to witness at witness' actual place of business, at
        in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore
        the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the
        communication was from an attorney or concerned an action against the witness.

**DESCRIPTION USE WITH 1, 2, OR 3**
☒

| ☐ Male | ☐ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☒ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
|  | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
|  | ☒ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
|  | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $                the authorized traveling expenses and one day's witness fee.

                        JOHN DICANIO
                    Notary Public, State of New York
Sworn to before me on        No. 01-DI4977768
                    Qualified in Westchester County
    11/14/06            Commission Expires Feb. 11, 2007

                                                    PRINT NAME BENEATH SIGNATURE
                                                    DI CONG JIANG

                                                    License No.    1220800

## Schedule A

You shall produce all of the documents in your possession, custody or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to:

1.    All communications or contact with the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere, and any of its predecessors, parent corporations, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

### Definitions and Instructions

A.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

B.    "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to all originals, nonidentical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located, including but not limited to any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic,

1

mechanical, or electrical record or representation of any kind, including but not limited to tape, cassette, disc, magnetic card or recording. "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

C.      "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

D.      The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each request for production shall be construed broadly rather than narrowly.

E.      Each request for production seeks production of each document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each document.

F.      The plural shall include the singular and the singular shall include the plural as the context requires so that each request for production shall be construed broadly rather than narrowly.

G.      If any document requested herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit, in lieu of any such document, a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the Person(s) who prepared or authored the document, and, if applicable, the Person(s) to whom the document was sent, (c) specifying the date on

which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the Person(s) performing the destruction.

H.    If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such document, a written statement (a) identifying the Person(s) who prepared or authored the document and, if applicable, the Person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product and (e) identifying the paragraph of the request to which the document relates.

I.    If a portion of an otherwise responsive document contains information subject to a claim of privilege, only that portion of the document subject to the claim of privilege shall be deleted or redacted from the document following the instructions in the preceding paragraph and the rest shall be produced.

J.    All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this Subpoena. The method of production of each category is to be identified at the time of production.

K.    Unless otherwise indicated, the documents to be produced pursuant to this Subpoena include all documents prepared, sent, dated, received or used at any time from May 1, 1994 until the present.

L.    Each request for the production of documents shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover additional documents between the time of initial production and the time of deposition, settlement or trial.

3

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

Issued by the

# United States District Court

_____WESTERN DISTRICT OF PENNSYLVANIA_____

URS Corporation

v.

The Lebanese Company for the Development and
Reconstruction of Beirut Central District, S.A.L., a/k/a Solidere

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 06-415 SLR
United States District Court for the District of Delaware

TO:    **Paul C. Rizzo Associates, Inc.**
       105 Mall Boulevard
       Suite 270, Expo Mart
       Monroeville, PA 15146

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
       **See Schedule A attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Ikon Document Services<br>USX Tower<br>600 Grant Street, Suite 1275<br>Pittsburgh, PA 15219<br>Attn:  Rob Hooker, 412-281-6700 | November 29, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | November 13, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Victor Clark  (I.D. No. 4235)
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801
(302) 651-3000

(See Rule 45 Federal Rule of Civil Procedure Parts C & D on Reverse)

[1]    If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

| DECLARATION OF SERVER |
|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct. |

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.
(B)    If a subpoena
(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash

or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.
(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Affidavit of Process Server

_____
(NAME OF COURT)

PLAINTIFF/PETITIONER          vs          DEFENDANT/RESPONDENT          CASE #

I declare that I am a citizen of the United States, over the age of eighteen and not a party to this action. And that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served   PAUL C RIZZO & ASSOCIATES
NAME OF PERSON/ENTITY BEING SERVED

with the (documents)

by serving X  Rochelle Rizzo Eikey  BURNS  VP, Administrator
NAME                                    RELATIONSHIP

at ☐ Home                                                    RELATIONSHIP
☒ Business   105 MALL BLVD  Suite 270  Expo MART  Monroeville PA 15146
on   11-14-06                     at   9:30 AM
DATE                                    TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on
DATE

from _____
CITY          STATE

**Manner of Service:**   ☐ By personally delivering copies to the person/authorized agent of entity being served.
☒ By leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof.
☐ By leaving copies at the dwelling house or usual place of abode of the person being served, with a member of the household 18 or older and explaining the general nature of the papers.
☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:**   After due search, careful inquiry and diligent attempts at the address(es) listed above. I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address       ☐ Evading                 ☐ Moved, Left no Forwarding        ☐ Other:
☐ Address Does Not Exist   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in a Timely Fashion

**Service Attempts:**   Service was attempted on: (   ) _____ , (   ) _____
                                                        DATE      TIME        DATE      TIME

(   ) _____          (   ) _____          (   ) _____
DATE      TIME            DATE      TIME            DATE      TIME

Description.  Age:  40   Sex:  F   Race:  W   Hgt:  5'7   Wgt:  135   Hair:  B   Glasses:  no

I declare under penalty of perjury that the information contained herein is true and correct and this affidavit was executed on
11-14-06   at   Monroeville, PA
DATE          CITY          STATE

State of   Pennsylvania
County of   Allegheny

subscribed and sworn before me, a notary public, this   14   day of   November 2006

WITNESS MY HAND AND OFFICIAL SEAL TO

NOTARIAL SEAL
KENNETH J KEARNEY
Notary Public
PENN HILLS TOWNSHIP
ALLEGHENY COUNTY
My Commission Expires Jun 16, 2007

_____
SIGNATURE OF PROCESS SERVER

_____
NOTARY PUBLIC

FORM 2     NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

### Schedule A

You shall produce all of the documents in your possession, custody or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to:

1.    All communications or contact with the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere, and any of its predecessors, parent corporations, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

#### Definitions and Instructions

A.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

B.    "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to all originals, nonidentical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located, including but not limited to any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic,

1

mechanical, or electrical record or representation of any kind, including but not limited to tape, cassette, disc, magnetic card or recording. "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

C.      "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

D.      The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each request for production shall be construed broadly rather than narrowly.

E.      Each request for production seeks production of each document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each document.

F.      The plural shall include the singular and the singular shall include the plural as the context requires so that each request for production shall be construed broadly rather than narrowly.

G.      If any document requested herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit, in lieu of any such document, a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the Person(s) who prepared or authored the document, and, if applicable, the Person(s) to whom the document was sent, (c) specifying the date on

2

which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the Person(s) performing the destruction.

H.      If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such document, a written statement (a) identifying the Person(s) who prepared or authored the document and, if applicable, the Person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product and (e) identifying the paragraph of the request to which the document relates.

I.      If a portion of an otherwise responsive document contains information subject to a claim of privilege, only that portion of the document subject to the claim of privilege shall be deleted or redacted from the document following the instructions in the preceding paragraph and the rest shall be produced.

J.      All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this Subpoena. The method of production of each category is to be identified at the time of production.

K.      Unless otherwise indicated, the documents to be produced pursuant to this Subpoena include all documents prepared, sent, dated, received or used at any time from May 1, 1994 until the present.

L.      Each request for the production of documents shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover additional documents between the time of initial production and the time of deposition, settlement or trial.

473659.02-Wilmington Server 1A - MSW

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

Issued by the

# United States District Court

_____DISTRICT OF COLUMBIA_____

URS Corporation

    v.

The Lebanese Company for the Development and
Reconstruction of Beirut Central District, S.A.L., a/k/a Solidere

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 06-415 SLR
United States District Court for the District of Delaware

TO:  **The Hariri Foundation - USA**
      7501 Wisconsin Avenue, Suite 715
      Bethesda, MD 20814

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    **See Schedule A attached hereto.**

| PLACE | DATE AND TIME |
| --- | --- |
| Skadden, Arps, Slate, Meagher & Flom, LLP 1440 New York Avenue, N.W. Washington, D.C. 20005-2111 (202) 371-7000 Attn: Jermayne Williams | November 29, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorney for Plaintiff | November 13, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Victor Clark (I.D. No. 4233)
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801
(302) 651-3000

(See Rule 45 Federal Rule of Civil Procedure Parts C & D on Reverse)

---

[1]   If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE 7501 Wisconsin Ave, Suite 715 |
|---|---|---|
| SERVED | 11-16-06  12:07pm | Bethesda, MD 20814 |

| SERVED ON (PRINT NAME) Rafic A. Bizri, President | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) Andre' W. Keith | TITLE Process Server |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   11-16-06
DATE

SIGNATURE OF SERVER

1115 Mass Ave, NW
ADDRESS OF SERVER

WDC 20005

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash

or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

You shall produce all of the documents in your possession, custody or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to:

1.    All communications or contact with the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere, and any of its predecessors, parent corporations, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

2.    Any use of the executive resume data bank as described at www.haririfoundationusa.org – including consideration or hiring of resume data bank registrants – by the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere, and any of its predecessors, parent corporations, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

### Definitions and Instructions

A.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

B.    "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to all originals, nonidentical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced

1

or reproduced, and regardless of where located, including but not limited to any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including but not limited to tape, cassette, disc, magnetic card or recording.  "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

C.      "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

D.      The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each request for production shall be construed broadly rather than narrowly.

E.      Each request for production seeks production of each document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each document.

2

F.      The plural shall include the singular and the singular shall include the plural as the context requires so that each request for production shall be construed broadly rather than narrowly.

G.      If any document requested herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit, in lieu of any such document, a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the Person(s) who prepared or authored the document, and, if applicable, the Person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the Person(s) performing the destruction.

H.      If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such document, a written statement (a) identifying the Person(s) who prepared or authored the document and, if applicable, the Person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product and (e) identifying the paragraph of the request to which the document relates.

I.      If a portion of an otherwise responsive document contains information subject to a claim of privilege, only that portion of the document subject to the claim of privilege shall be deleted or redacted from the document following the instructions in the preceding paragraph and the rest shall be produced.

3

J.       All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this Subpoena. The method of production of each category is to be identified at the time of production.

K.       Unless otherwise indicated, the documents to be produced pursuant to this Subpoena include all documents prepared, sent, dated, received or used at any time from May 1, 1994 until the present.

L.       Each request for the production of documents shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover additional documents between the time of initial production and the time of deposition, settlement or trial.

4