IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| URS CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE LEBANESE COMPANY FOR THE )<br>DEVELOPMENT AND RECONSTRUCTION )<br>OF BEIRUT CENTRAL DISTRICT, S.A.L., )<br>a/k/a SOLIDERE, )<br>)<br>Defendant. ) | Civil Action No. 06-415-SLR |

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff URS Corporation has served a subpoena upon Carnegie Mellon University to the attention of Jared L. Cohon, a copy of which is attached hereto.

Respectfully submitted,

/s/ Edward B. Micheletti
Edward B. Micheletti (#3794)
T. Victor Clark (#4233)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

Attorneys for URS Corporation

DATED: December 18, 2006

479888-Wilmington Server 1A - MSW

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the
## United States District Court

_____WESTERN DISTRICT OF PENNSYLVANIA_____

URS Corporation

v.

The Lebanese Company for the Development and
Reconstruction of Beirut Central District, S.A.L., a/k/a Solidere

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 06-415 SLR
United States District Court for the District of Delaware

TO: **Carnegie Mellon University**
5000 Forbes Avenue
Pittsburgh, PA 15213
Attn: Jared L. Cohon, President

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    **See Schedule A attached hereto.**

| PLACE<br>Ikon Document Services<br>USX Tower<br>600 Grant Street, Suite 1275<br>Pittsburgh, PA 15219<br>Attn: Rob Hooker, 412-281-6700 | DATE AND TIME<br>December 29, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiff | DATE<br><br>December 14, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
T. Victor Clark (I.D. No. 4233)
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801
(302) 651-3000

(See Rule 45 Federal Rule of Civil Procedure Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

479555.01-Wilmington S1A

## Schedule A

You shall produce all of the documents in your possession, custody or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to:

1. All communications or contact with the Lebanese Company for the Development and Reconstruction of Beirut Central District S.A.L. a/k/a Solidere, and any of its predecessors, parent corporations, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

2. All documents, communications or contacts (including, but not limited to, promotional materials, distribution records and funding) relating to a training program organized for Solidere by the Brownfields Center at Carnegie Mellon in October 2002, including, but not limited to, all companies and vendors that expressed interest in the program, participated in the program, or were hired or consulted by Solidere because of their participation in the program.

### Definitions and Instructions

A. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

B. "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to all originals, nonidentical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located, including but not limited to any work paper,

1

correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including but not limited to tape, cassette, disc, magnetic card or recording. "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

        C.      "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

        D.      The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each request for production shall be construed broadly rather than narrowly.

        E.      Each request seeks production of each document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each document.

        F.      The plural shall include the singular and the singular shall include the plural as the context requires so that each request for production shall be construed broadly rather than narrowly.

G.  If any document requested herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit, in lieu of any such document, a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the Person(s) who prepared or authored the document, and, if applicable, the Person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the Person(s) performing the destruction.

H.  If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such document, a written statement (a) identifying the Person(s) who prepared or authored the document and, if applicable, the Person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product and (e) identifying the paragraph of the request to which the document relates.

I.  If a portion of an otherwise responsive document contains information subject to a claim of privilege, only that portion of the document subject to the claim of privilege shall be deleted or redacted from the document following the instructions in the preceding paragraph and the rest shall be produced.

J.  All documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this Subpoena. The method of production of each category is to be identified at the time of production.

    K.  Unless otherwise indicated, the documents to be produced pursuant to this Subpoena include all documents prepared, sent, dated, received or used at any time from May 1, 1994 until the present.

    L.  Each request for the production of documents shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover additional documents between the time of initial production and the time of deposition, settlement or trial.

# Affidavit of Process Server

_____
(NAME OF COURT)

PLAINTIFF/PETITIONER            vs            DEFENDANT/RESPONDENT            CASE #

I declare that I am a citizen of the United States, over the age of eighteen and not a party to this action. And that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served  CARnegie Mellon UNiveRsity / JAred L Cohon
NAME OF PERSON/ENTITY BEING SERVED

with the (documents) Amela Mercolini

by serving ✓ JAMES A. MERCOLINI            ASSISTANT GENERAL COUNSEL
NAME                                         RELATIONSHIP

at ☐ Home _____
☒ Business  5060 Forbes Ave  Pittsburgh  PA  15213
on  12-15-06            at   9:15 AM
   DATE                     TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
                                                                          DATE
from _____
     CITY            STATE

**Manner of Service:**
☐ By personally delivering copies to the person/authorized agent of entity being served.
☒ By leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof.
☐ By leaving copies at the dwelling house or usual place of abode of the person being served, with a member of the household 18 or older and explaining the general nature of the papers.
☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):
☐ Unknown at Address     ☐ Evading              ☐ Moved, Left no Forwarding     ☐ Other:
☐ Address Does Not Exist  ☐ Service Cancelled by Litigant   ☐ Unable to Serve in a Timely Fashion

**Service Attempts:** Service was attempted on: ( ) ____ DATE ____ TIME ____ ( ) ____ DATE ____ TIME
( ) ____ DATE ____ TIME ____ ( ) ____ DATE ____ TIME ____ ( ) ____ DATE ____ TIME

Description. Age: 45   Sex: M   Race: W   Hgt: 5'11"   Wgt: 170   Hair: B   Glasses: —

I declare under penalty of perjury that the information contained herein is true and correct and this affidavit was executed on
12-15-06  at  Monroeville, PA  15146
  DATE        CITY         STATE

_Kenneth Kearn_
SIGNATURE OF PROCESS SERVER

State of Pennsylvania
County of Allegheny

subscribed and sworn before me, a notary public, this  15TH  day of  December 2006

WITNESS MY HAND AND OFFICIAL SEAL TO
COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Bonnie Gardner, Notary Public
Monroeville Boro, Allegheny County
My Commission Expires Feb. 10, 2008
Member, Pennsylvania Association of Notaries

_Bonnie Gardner_
NOTARY PUBLIC

NAPPS

FORM 2