IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| URS CORPORATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-415-SLR |
| v. | ) |
| | ) |
| THE LEBANESE COMPANY FOR THE DEVELOPMENT AND RECONSTRUCTION OF BEIRUT CENTRAL DISTRICT, S.A.L., a/k/a SOLIDERE, | ) ) ) ) |
| | ) |
| Defendant. | ) |

**ADDENDUM TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, the parties to the above-captioned action (the "Action"), pursuant to Paragraph 6 of the Stipulation and Order for the Production and Exchange of Confidential Information executed by the parties and so ordered by the Court on January 5, 2007 (the "Stipulation and Order"), agree that in addition to the limits and protections provided within the Stipulation and Order, access to or disclosure of certain categories of material ("Highly Confidential Material") should be limited solely to counsel employed by the parties or to other specified persons;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, subject to the approval of the Court, that in addition to the limitations and protections provided within the Stipulation and Order, the following additional limitations and protections shall govern the handling of documents, testimony, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties and non-parties to this Action in connection with discovery in the Action.

1.  Any producing party may designate any discovery material or information as Highly Confidential Material if such party in good faith believes that such discovery material contains non-public, confidential, proprietary or commercially sensitive information that requires the protections provided by such a designation, as set forth below.

2.  Highly Confidential Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only in connection with this Action and only to the following persons:

   a.   counsel (including in-house counsel) who represent the parties in the Action and the parties' insurers (and members of their firms), and regular and temporary employees of such counsel (including outside copying services and outside litigation support services, including but not limited to, translation services) necessary to assist in the conduct of the Action for use in accordance with this Stipulation and Order;

   b.   subject to Paragraph 7 of the Stipulation and Order, experts or consultants assisting counsel for the parties;

   c.   the Court and its employees, pursuant to the Stipulation and Order;

   d.   Court reporters employed in connection with the Action; and

   e.   any other person only upon order of the Court or upon stipulation of the Producing Party of the Highly Confidential Material to be disclosed. Such stipulation shall not be unreasonably withheld.

3. Highly Confidential Material shall not be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to in-house counsel of a party or experts or consultants assisting counsel for the parties unless and until such in-house counsel, experts or consultants to which the Highly Confidential Material is to be disclosed, summarized, described, characterized or otherwise communicated or made available executes an undertaking in the form of Exhibit A hereto, agreeing to be bound by the terms of this addendum and not to disclose the contents of Highly Confidential Material to any unauthorized person(s). Such undertaking(s) shall be retained in the files of outside counsel for the party whose in-house counsel, expert or consultant executes such undertaking(s).

4. In all other respects, the designation and treatment of discovery material classified as Highly Confidential Material shall be the same as Confidential Material pursuant to the Stipulation and Order.

5. The parties' agreement concerning the use of Confidential Material, attached as Exhibit B to the Stipulation and Order, shall be equally applicable (applied mutatis mutandis) to Highly Confidential Material and nothing herein shall be deemed to limit that agreement.

Dated: January 16, 2007

| | |
|---|---|
| /s/ Edward B. Micheletti | /s/ Samuel A. Nolan |
| Edward P. Welch (I.D. No. 671) | Samuel A. Nolen (I.D. No. 971) |
| Edward B. Micheletti (I.D. No. 3794) | Richards, Layton & Finger |
| Skadden, Arps, Slate, Meagher & Flom LLP | One Rodney Square |
| One Rodney Square | P.O. Box 551 |
| P.O. Box 636 | Wilmington, DE 19899-0551 |
| Wilmington, DE 19899 | 302-651-7700 |
| 302-651-3000 | *Attorney for Defendant The Lebanese* |
| *Attorneys for Plaintiff URS Corporation* | *Company for the Development and* |
| | *Reconstruction of Beirut Central District,* |
| | *S.A.L.* |
| Of Counsel: | Of Counsel: |
| Jeffrey H. Dasteel | Paul B. Carberry |
| Jason D. Russell | White & Case LLP |
| Marina V. Bogorad | 1155 Avenue of the Americas |
| Skadden, Arps, Slate, Meagher & Flom LLP | New York, NY  10036 |
| 300 S. Grand Avenue, 34th Floor | (212) 819-8507 |
| Los Angeles, CA  90071 | |
| (213) 687-5000 | |

SO ORDERED, this _____ day of January, 2007.

_____
Chief Judge Sue L. Robinson

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| URS CORPORATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 06-415-SLR |
| v. | ) |
| | ) |
| THE LEBANESE COMPANY FOR THE | ) |
| DEVELOPMENT AND RECONSTRUCTION | ) |
| OF BEIRUT CENTRAL DISTRICT, S.A.L., | ) |
| a/k/a SOLIDERE, | ) |
| | ) |
| Defendant. | ) |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I have read the Addendum to Stipulation and Order for the Production and Exchange of Confidential Information (the "Addendum") in the above-captioned action. I understand its terms and agree to be fully bound by them and hereby submit to the jurisdiction of the United States District Court for the District of Delaware solely for purposes of enforcement of the Addendum.

DATED: _____       SIGNATURE: _____