IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| URS CORPORATION,<br><br>                        Plaintiff,<br><br>      v.<br><br>THE LEBANESE COMPANY FOR THE DEVELOPMENT AND RECONSTRUCTION OF BEIRUT CENTRAL DISTRICT SAL, a/k/a SOLIDERE,<br><br>                        Defendant. | Civil Action No. 06-415 (SLR) |

**MOTION OF URS CORPORATION FOR CONDITIONAL LEAVE TO FILE
A SUR-REPLY TO NEW ARGUMENTS IN DEFENDANT SOLIDERE'S REPLY
BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

                                       SKADDEN, ARPS, SLATE,
                                         MEAGHER & FLOM LLP
                                       Edward P. Welch (#0671)
                                       Paul J. Lockwood (#3369)
                                       Edward B. Micheletti (#3794)
                                       One Rodney Square
                                       P.O. Box 636
                                       Wilmington, Delaware 19899
                                       (302) 651-3000
                                       plockwoo@skadden.com

                                       Attorneys for Plaintiff URS Corporation

<u>Of Counsel</u>:

Jeffrey H. Dasteel
Jason D. Russell
Stacy R. Horth-Neubert
Marina V. Bogorad
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
(213) 687-5000

DATED: March 23, 2007

A basic requirement of the American adversarial process is that a party seeking relief by way of motion must give the adverse party notice of the relief sought and the basis for the motion and may not hold back arguments and assert them for the first time on reply. This principle of fairness and ethical behavior regulating motion practice is well-established in this Court and throughout this District and is codified in a local rule of this Court, which provides that "[t]he party filing the opening brief shall not reserve material for the reply brief <u>which should have been included in a full and fair opening brief</u>." Local Rule 7.1.3(c)(2) (emphasis added). Solidere violated Rule 7.1.3(c)(2) and basic principles of fairness by raising an entirely new argument in its reply brief. In its reply brief, Solidere argues that URS's claims do not arise under federal law for purposes of subject matter jurisdiction, and are therefore ineligible for the national contacts test for personal jurisdiction provided in Rule 4(k)(2) of the Federal Rules of Civil Procedure. (D.I. 110, Solidere Reply Br. at 8.) Solidere did not raise this argument in its opening brief, but was content to "assume, without conceding, that a 'nationwide contacts' test applies for purpose of determining whether it is subject to the Court's jurisdiction." (D.I. 33, Solidere Op. Br. at 14) URS submits that Solidere should not be allowed to change positions on this issue in its reply brief, which would preclude URS from addressing Solidere's belated – and inaccurate – contention that service under Rule 4(k)(2) does not apply here. Accordingly, URS respectfully requests that the Court disregard this new argument raised for the first time in Solidere's reply brief, or, in the alternative, allow URS the opportunity to file a short sur-reply brief addressing whether this Court has federal question jurisdiction and therefore should use Rule 4(k)(2)'s national contacts test for personal jurisdiction purposes.[1]

This Court has repeatedly held that "[t]he practice of reserving arguments for reply briefs amounts to impermissible sandbagging." In re Student Fin. Corp., Nos. 02-11620, 03-507 JJF, 02-6803 LK, 2004 WL 609329 (D. Del. Mar. 23, 2004); accord Rockwell Tech., LLC v. Spectra-Physics Lasers, Inc., No. 00-589 GMS, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002) (tactic of saving new arguments for reply is "impermissible sand-bagging"); Jordan v. Bellinger, No. 98-230 GMS, 2000 WL 1239956, at *5 n.7 (D. Del. Aug. 28, 2000) (reserving arguments for reply violates L.R. 7.1.3). Sandbagging tactics like Solidere's here "rob[] the [opposing party] of the opportunity to . . . present an analysis of the pertinent legal precedent that may compel a

---

[1] If leave is granted, the sur-reply will also take issue with Solidere's equally inaccurate assertion, made also for the first time on reply, that the Foreign Sovereign Immunities Act cannot be used offensively. See, e.g., Procter & Gamble Cellulose Co. v. Viskoza-Loznica, 33 F. Supp. 2d 644 (W.D. Tenn. 1998).

1

contrary result." Stump v. Gates, 211 F.3d 527, 533 (10th Cir. 2000). In addition, rules such as Local Rule 7.1.3 "protect[] this court from publishing an erroneous opinion because [it] did not have the benefit of the [opposing party]'s response." Id.; accord U.S. v. Fleetwood Enters., Inc., 702 F. Supp. 1082, 1091 (D. Del. 1988) ("'[S]and-bagging' typically leads . . . to added and unnecessary work for the Court").

More specifically to the situation at hand, courts in this Circuit recognize that a "[d]efendant cannot raise entirely new grounds for dismissal [in a reply brief] when it had ample opportunity to do so in the initial motion." Millner v. Bayada Nurses, Inc., No. Civ. 05-3164 RBK, 2006 WL 231993, at *4 (D.N.J. Jan. 30, 2006) (emphasis added). Indeed, in Student Finance, 2004 WL 609329, at *3, this Court "reject[ed]" an argument asserted for the first time in a reply brief in support of a motion to dismiss certain claims for failing to plead fraud with particularity under Rule 9(b). Id. The court held that the moving party violated Local Rule 7.1.3 by "waiting until its reply brief" to contend that all of the plaintiff's claims should be dismissed as fraud-based, and thus "[w]ithout addressing the merits of [the moving party]'s arguments" the court refused to dismiss the remaining claims. Id.[2] Accordingly, URS respectfully requests that the Court disregard Solidere's reply brief argument that the Court lacks federal question jurisdiction and therefore cannot base personal jurisdiction on the national contacts test.

In the event that the Court wishes to consider Solidere's tardy and procedurally improper argument, URS submits that fairness requires that it be permitted to file a short brief refuting Solidere's argument. Following that sur-reply, no further briefing should be needed. It is settled that courts in this Circuit, when confronted with "matters not raised in the [d]efendants' moving papers . . . find[] it appropriate to afford the [p]laintiff one last opportunity to respond before its claims are dismissed." Asirobicon, Inc. v. Rolls-Royce PLC, No. Civ. A. 03-273, 2003 WL 22071002, at *9 (W.D. Pa. Sept. 5, 2003) (denying 12(b)(6) motion to dismiss). See also Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003) (district court "properly allowed" plaintiff to file sur-reply to respond to arguments raised for the first time in reply brief); Peace v. Shellhorn & Hill, Inc., No. 03-1007 GMS, 2005 WL 318972, at *1 (D. Del. Feb. 1, 2005) (in light of new argument in reply brief, district court ordered further submissions to give plaintiff "opportunity to respond to this argument"); Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co., No.

---

[2] Accord Tumi, Inc. v. Excel Corp., No. 05-0477 WJM, 2005 WL 1828593, at *2 (D.N.J. Aug. 1, 2005) ("Because Excelcorp raised in its reply papers numerous (meritless) arguments for dismissal not raised in its original moving papers, the Court notes that these arguments are inappropriate for consideration on adjudication of this motion.").

92-529 MMS, 2000 WL 135129, at *1 (D. Del. Jan. 13, 2000) (argument raised for the first time in defendant's reply brief is "not properly presented to the Court" because the plaintiff had no "opportunity to respond"). Thus, in the interest of fairness, if the Court considers Solidere's novel assertion, URS should be given an opportunity to rebut that argument in a final sur-reply.

Moreover, a sur-reply is warranted because Solidere's argument is simply wrong and its cases totally inapposite to the proposition for which they were cited. URS's sur-reply would show, inter alia, that the New York Convention provides a basis for this Court's subject-matter jurisdiction independent from the FAA. Contrary to Solidere's new argument, URS's request to enjoin the ICC Arbitration falls squarely within the jurisdictional grant of the Convention because it is settled that "the power to enjoin an arbitration is 'the concomitant of the power to compel arbitration.'" PCS 2000 LP v. Romulus Telecomms., Inc., 148 F.3d 32, 35 (1st Cir. 1998) ("[plaintiff] seeks an order staying arbitration as opposed to an order compelling arbitration[,] ... [w]e deem this to be a distinction without a difference") (citation omitted). None of Solidere's cases suggest otherwise and, thus, Solidere's new contention falls flat.

The decision in Satcom Int'l Group PLC v. Orbcomm Int'l Partners, L.P., which expressly dealt with the power to enjoin arbitrations under the Convention, is instructive:

> Section 206 [allowing courts to compel arbitration under the Convention] unequivocally directs the court to order arbitration where appropriate. It would follow, as under Section 4 [of the FAA], that the court should have a concomitant power to enjoin arbitration where arbitration is inappropriate. A failure to do so would frustrate the goals of arbitration, since there would be delay and increased expense as the parties litigated in both fora. In addition, the potential for injury to [the defendant] is significant and irreparable, since it would be unable to recoup the costs incurred arbitrating toward an award that will ultimately be vacated by this Court.

49 F. Supp. 2d 331, 342 (S.D.N.Y. 1999) ("The Convention is enforced in United States courts in accordance with the Federal Arbitration Act . . . . The FAA applies to actions brought under the Convention to the extent that the two chapters are not in conflict. See 9 U.S.C. § 208."). Id. at 337. The Second Circuit affirmed the district court's determination to enjoin the arbitration under the Convention, holding "[w]e affirm the order of the District Court substantially for the reasons stated in Judge Cote's thorough and well-reasoned opinion." 205 F.3d 1324 (2d Cir. 1999).

Given that URS will not have a satisfactory opportunity to address Solidere's tardy and egregious arguments absent a sur-reply, URS respectfully asks this Court not to consider those arguments without allowing URS one final opportunity to defend its Complaint against those improperly raised arguments.

3

## CONCLUSION

For the foregoing reasons, in the event that the Court considers Solidere's new arguments improperly raised in its reply brief, the Court should enter the proposed form of order provided herewith, granting URS's request for leave to file a sur-reply.

Respectfully submitted,

/s/ Paul J. Lockwood
Edward P. Welch (#0671)
Paul J. Lockwood (#3369)
Edward B. Micheletti (#3794)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

Of Counsel:

Jeffrey H. Dasteel
Jason D. Russell
Stacy R. Horth-Neubert
Marina V. Bogorad
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
300 S. Grand Avenue, 34th Floor
Los Angeles, California  90071
(213) 687-5000

One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899
(302) 651-3000
plockwoo@skadden.com

Attorneys for Plaintiff URS Corporation

DATED: March 23, 2007

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that the subject of Plaintiff's Motion for Conditional Leave to File a Sur-Reply to New Arguments in Defendant Solidere's Reply Brief in Further Support of Its Motion to Dismiss the Complaint has been raised by Plaintiff's counsel with Defendant Solidere's counsel, and that the parties were unable to resolve the issue.

Respectfully submitted,

/s/ Paul J. Lockwood
Edward P. Welch (#0671)
Paul J. Lockwood (#3369)
Edward B. Micheletti (#3794)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
plockwoo@skadden.com

Attorneys for Plaintiff URS Corporation

Of Counsel:

Jeffrey H. Dasteel
Jason D. Russell
Stacy R. Horth-Neubert
Marina V. Bogorad
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
300 S. Grand Avenue, 34th Floor
Los Angeles, California 90071
(213) 687-5000

DATED: March 23, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| URS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-415 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| THE LEBANESE COMPANY FOR THE DEVELOPMENT AND RECONSTRUCTION OF BEIRUT CENTRAL DISTRICT SAL, a/k/a SOLIDERE, | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED ORDER**

      **WHEREAS**, the Court has considered Plaintiff URS Corporation's Motion for Conditional Leave to File a Sur-reply to New Arguments in Defendant Solidere's Reply Brief in Further Support of Its Motion to Dismiss the Complaint;

      **IT IS HEREBY ORDERED** this ___ day of _____, 2007, that URS Corporation's request for leave to file a sur-reply is granted.

_____
UNITED STATES DISTRICT COURT JUDGE

489571-Wilmington S1A