IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
URS CORPORATION                                       )
                                                      )
            Plaintiff,                                )
                                                      )
    v.                                                )
                                                      )  Civil Action No. 06-415-SLR
THE LEBANESE COMPANY FOR THE                          )
DEVELOPMENT AND RECONSTRUCTION OF                     )
BEIRUT CENTRAL DISTRICT, S.A.L., a/k/a                )
SOLIDERE,                                             )
                                                      )
            Defendant.                                )
------------------------------------------------------------x

**DEFENDANT SOLIDERE'S OPPOSITION TO PLAINTIFF URS'S MOTION FOR
CONDITIONAL LEAVE TO FILE A SUR-REPLY**

| | |
|---|---|
| WHITE & CASE LLP | RICHARDS, LAYTON & FINGER, P.A. |
| Paul B. Carberry (admitted *pro hac vice*) | Samuel A. Nolen (#971) |
| 1155 Avenue of the Americas | Anne Shea Gaza (#4093) |
| New York, NY 10036 | One Rodney Square |
| (212) 819-8507 | Wilmington, DE 19899-0551 |
| pcarberry@whitecase.com | P.O. Box 551 |
| | 302-651-7700 |
| | Nolen@rlf.com |
| | Gaza@rlf.com |
| | *Attorneys for Defendant The Lebanese Company for the Development and Reconstruction of Beirut Central District, S.A.L. a/k/a SOLIDERE* |
| Dated: April 6, 2007 | |

**Preliminary Statement**

Defendant SOLIDERE submits this opposition to the Motion of URS Corporation for Conditional Leave to File a Sur-Reply to New Arguments in Defendant SOLIDERE's Reply Brief in Further Support of its Motion to Dismiss the Complaint (the "Sur-Reply Motion"). First, SOLIDERE did not raise any new issues in its Reply Brief in Further Support of Motion to Dismiss the Complaint ("Reply Brief"). Second, SOLIDERE's argument that the "nationwide contacts" test does not apply is neither wrong nor unsupported by proper legal authority. Finally, United States courts do not, as URS requests, abdicate the question of their own jurisdiction. Therefore, SOLIDERE respectfully requests that the Court deny the Sur-Reply Motion.

**I.   SOLIDERE DID NOT RAISE ANY NEW ISSUES IN ITS REPLY BRIEF**

The Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ("Local Rules") do not provide for the filing of sur-replies. Local Rule 7.1.3(c) authorizes an opening and answering brief, and a reply brief. See Local Rule 7.1.3(c). As a general rule, "[l]eave to file a sur-reply is generally only granted in rare circumstances, as where the movant improperly raises new arguments in a reply." Rhoten v. Dickson, No. 04-4160, 2006 WL 2414057, at *1 (D. Kan. July 25, 2006) (internal quotation marks and citations omitted); see also Alaron Trading Comm'n v. CFTC, No. 98-1577, 1999 WL 325492, at *1 (D.C. Cir. Aug. 16, 1999) ("[S]urreplies are disfavored . . . ."); Hill-Rom Servs. v. Versus Tech., Inc., No 1:03CV1227, 2005 WL 1743917, at *1 (M.D.N.C. July 12, 2005) (same); GE v. Am. Ecology Envtl. Servs. Corp., No. 399CV2625L, 2001 WL 1029519, at *1 (N.D. Tex. Aug. 30, 2001) (same).

This Court's approach in Millett v. Truelink, Inc., No. 05-599, 2006 WL 2583100 (D. Del. Sept. 7, 2006) (Robinson, C.J.), is instructive. In Millett, the Court denied plaintiffs' motion to file a sur-reply because "defendant ha[d] consistently maintained . . . [its position on the applicable law and] plaintiffs [] had ample opportunity to brief the choice-of-law issue in response to defendant's motion to dismiss and in their motion to amend." No. 05-599, 2006 WL 2583100, at *1 n.1; see, e.g., ISCO Int'l, Inc. v.

Conductus, Inc., 279 F. Supp. 2d 489, 511 (D. Del 2003) (denying defendant's motion to strike or file a sur-reply because the "defendants undoubtedly were aware of [plaintiff's] position" regarding the exhibit in question); Federal Ins. Co. v. Signtactics, Inc., No. 97-343, 97-647, 1998 WL 175882, at *2 (D. Del. Mar. 26, 1998) (Robinson, J.) (distinguishing the matter at bar from a "situation where one party misled the other by holding back arguments until the reply brief, in violation of Local Rule 7.1.3(c)(2)").

1. **SOLIDERE Properly Raised the Non-Applicability of the Nationwide Contacts Test**

URS's Sur-Reply Motion is based on an inaccurately narrow view of SOLIDERE's Opening Brief in Support of Defendant SOLIDERE's Motion to Dismiss the Complaint ("Opening Brief" "Opening Br.") and should be denied. Here, like in Millett, the arguments that URS characterizes as new to the Reply Brief were appropriately raised in SOLIDERE's Opening Brief. From the onset of this litigation, SOLIDERE has asserted that the "nationwide contacts" test should not apply for purposes of determining whether SOLIDERE is subject to the Court's jurisdiction. In its Opening Brief, SOLIDERE argued:

> While URS has, as yet, failed to make such a showing [that the nationwide contacts test applies here] for the purposes of this analysis, SOLIDERE will assume, without conceding, that a "nationwide contacts" test applies for the purpose of determining whether it is subject to the Court's jurisdiction.

See Opening Br. at 13-14, 13 n.10.

SOLIDERE then went on to demonstrate that, even assuming the nationwide contact test applied, jurisdiction was lacking. As a result, URS had an adequate opportunity to respond to SOLIDERE's argument in its answering brief *and* in fact did so. See Ans. Br. at 18-19 n.15 ("Solidere asserts that URS purportedly failed to satisfy the negation requirement under Fed. R. Civ. P 4(k)(2) to qualify for application of the nationwide contacts standard" and responding to SOLIDERE's argument). Thus, URS was well aware of SOLIDERE's arguments concerning the non-applicability of the nationwide contacts test at the time it filed its answering brief.

### 2. SOLIDERE's Reply Brief Addressed Arguments Advanced in URS's Answering Brief

The very purpose of a reply brief is to counter arguments advanced in the opposing party's brief. Although SOLIDERE properly raised the issue of the non-applicability of the nationwide contacts test in its Opening Brief, even if it had not done so, SOLIDERE, in its reply brief, was entitled to dispute the applicability of that test here in response to arguments asserted in URS's Answering Brief. See Machulsky v. Hall, 210 F. Supp. 2d 531, 534 n.1 (D.N.J. 2002) (denying plaintiff's motion to file a sur-reply inter alia because the alleged additions "reply to issues raised in [plaintiff's] opposition").

In its Answering Brief, URS specifically asserted that the "[r]elevant forum for Solidere's contacts is the U.S. as a whole" and that since "jurisdiction is based on a federal long-arm statute, such as Fed. R. Civ. P. 4(k)(2), the court has personal jurisdiction over the defendants as long as they have minimum contacts with the United States." Ans. Br. at 1 n.2, 12-13 (quotations and citations omitted). In response, SOLIDERE argued that the nationwide contacts test does not apply. See Reply Br. at 7-9. SOLIDERE has not engaged in "impermissible sandbagging," as URS asserts, but rather duly addressed issues put forth by URS. See Sur-Reply Motion at 1. URS's request for leave to file a sur-reply is simply an improper attempt to secure a "second bite at the apple" and get the last word on this issue. See Lacher v. West, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). SOLIDERE respectfully submits that it should be denied.

### II. SOLIDERE'S POSITION THAT THE NATIONWIDE CONTACTS TEST DOES NOT APPLY IS NEITHER WRONG NOR UNSUPPORTED BY PROPER LEGAL AUTHORITY

Without explaining why the argument is "simply wrong" or directing the Court's attention to the cases that are "totally inapposite to the proposition for which they are cited," URS contends that a "sur-reply is warranted" because SOLIDERE's argument that the nationwide contacts test does not apply here is not credible. See Sur-Reply Mot., at 2. Such is not the case. URS relies on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or "Convention")

(9 U.S.C. § 201 et seq.) to provide federal question subject-matter jurisdiction such that the nationwide contacts test would then apply here. Section 203 of the New York Convention states:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203.

The New York Convention provides that a district court "may direct that arbitration be held in accordance with [an arbitration] agreement" falling under the Convention, see 9 U.S.C. § 206, or "shall confirm [an] award [falling under the Convention]," see 9 U.S.C. § 207, however, nowhere does the Convention provide that a court may enjoin a party from proceeding with arbitration. At least one district court in this Circuit has held that the Convention, as incorporated by the FAA, supplies federal question subject-matter jurisdiction *only* to "(1) an action to compel arbitration pursuant to an arbitration agreement falling under the convention []; and (2) an action to confirm an arbitral award as against any other party to an arbitration made pursuant to an agreement falling under the convention [].") IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 356 F. Supp. 2d 503, 505 (E.D. Pa. 2005), rev'd on other grounds, 438 F.3d 298 (3d Cir. 2006) (citing 9 U.S.C. § 206; 9 U.S.C. § 207). The IFC decision is consistent with decisions from the Second Circuit as well. See Republic of Ecuador v. ChevronTexaco Corp., 376 F. Supp. 2d 334, 348-349 (S.D.N.Y. 2005) ("It is not at all clear that an action seeking [an injunction to prevent an arbitration] falls under the New York Convention within the meaning of 9 U.S.C. § 203, so as to provide this court with original jurisdiction . . . . The Second Circuit has suggested that the New York Convention is inapplicable where the party invoking its provisions did not seek either to compel arbitration or to enforce an arbitral award.") (internal quotations and alterations omitted) (citing Int'l Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388, 391 n.5 (2d Cir. 1989)). Since this action seeks to enjoin an arbitral proceeding pending abroad, rather than compel arbitration consistent with an agreement falling under the Convention or confirm an arbitral award falling under the Convention, the

4

New York Convention simply does not apply. Therefore, URS's reliance on the Convention to provide federal question subject-matter jurisdiction is misplaced.

The two out-of-circuit decisions cited by URS for the proposition that "the New York Convention provides a basis for this Court's subject-matter jurisdiction independent from the FAA," see Sur-Reply Mot. at 3 (emphasis omitted), are unavailing. First, in PCS 2000 L.P. v. Romulus Telecomms., Inc., 148 F.3d. 32 (1st Cir. 1998) (cited at Sur-Reply Mot. at 3), the plaintiff claimed that federal question jurisdiction existed under the FAA, *not* the New York Convention. See 148 F.3d at 34 ("Here, the complaint's jurisdictional allegations rest singularly on the FAA . . . ."). Moreover, the PCS 2000 L.P. court found, consistent with SOLIDERE's argument, that the FAA, standing alone, did *not* confer federal question subject-matter jurisdiction over plaintiff's claims. Id. at 35. Second, the holding of Satcom Int'l Group PLC v. Orbcomm Int'l Partners. L.P., 49 F. Supp 2d 331 (S.D.N.Y. 1999) (cited at Sur-Reply Mot. at 3), has been called into question by the Republic of Ecuador case which was decided subsequent to PCS 2000 L.P. by the Southern District of New York and which relied upon previously decided Second Circuit precedent. See 376 F. Supp. 2d at 348-349 (citing Int'l Shipping Co., S.A., 875 F.2d. at 391 n.5).[1]

In all events, the fact that a party thinks it has a better argument than its opponent is no ground for a sur-reply. This is the function of oral argument.

### III. UNITED STATES COURTS DO NOT ABDICATE THE QUESTION OF THEIR OWN JURISDICTION

It is axiomatic that "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Consequently, "[e]very federal court has a special obligation to satisfy itself . . . of its own jurisdiction . . . ." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998) (quotations and citations omitted). URS's request that the

---

[1] The Second Circuit's affirmance of Judge Cote's opinion in Satcom is devoid of any analysis and, therefore, cannot be read to overturn the previously decided Int'l Shipping case. Therefore, the most that can be said is that these incompatible decisions are ambiguous and leave unsettled the question of whether the New York Convention applies to actions seeking to enjoin arbitration under Second Circuit jurisprudence. Certainly, these cases say nothing as to how this question should be resolved under the law of this Circuit.

5

"court disregard Solidere's reply brief argument that the Court lacks federal question jurisdiction and therefore cannot base personal jurisdiction on the national [sic] contacts test" asks the Court to abdicate its obligation to consider this threshold question.

Here, SOLIDERE is seeking to dismiss the Complaint inter alia on the grounds that this Court lacks personal jurisdiction over it. See Opening Br. at 3-4, 11-22; Reply Br. at 6-15. Since URS has not alleged *any* contacts between SOLIDERE and the State of Delaware and alleges only contacts with the United States as a whole, this Court may assert personal jurisdiction over SOLIDERE *only if* the nationwide contacts test for personal jurisdiction applies in this case. See Opening Br. at 13 n.10. The nationwide contacts test is permissible only under specific circumstances. See Monsanto Co. v. Syngenta Seeds, Inc., 443 F. Supp. 2d 636, 647 (D. Del. 2006) (Robinson, C.J) (before applying a national contacts test, "[t]he court must first determine that . . . [t]he case arises under federal law[.]"). Therefore, the question of whether federal question jurisdiction exists, which has been addressed by the parties and can be argued at oral argument, must be decided and it cannot, as URS suggests, be avoided. No sur-reply on the point is necessary.

## Conclusion

For the foregoing reasons, Defendant SOLIDERE respectfully requests that the Court deny URS's Sur-Reply Motion.

|  |  |
|---|---|
| | /s/ Samuel A. Nolen |
| | Samuel A. Nolen (#971) |
| | Anne Shea Gaza (#4093) |
| OF COUNSEL: | Richards, Layton & Finger, P.A. |
| Paul B. Carberry | One Rodney Square |
| White & Case LLP | 920 N. King Street |
| 1155 Avenue of the Americas | Wilmington, Delaware 19801 |
| New York, NY 10036 | Telephone: (302) 651-7700 |
| Telephone: (212) 819-8507 | Facsimile: (302) 651-7701 |
| pcarberry@whitecase.com | Nolen@rlf.com |
| | Gaza@rlf.com |

*Attorneys for Defendant The Lebanese Company for the Development and Reconstruction of Beirut Central District, S.A.L. a/k/a SOLIDERE*

Dated: April 6, 2007

7

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2007, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Edward P. Welch, Esquire
Edward B. Micheletti, Esquire
Skadden, Arps, Slate, Meagher
 & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

I hereby certify that on April 6, 2007, I caused to be sent by Federal Express the foregoing document to the following non-registered participants:

Jeffrey H. Dasteel, Esquire
Jason D. Russell, Esquire
Marina V. Bogorad, Esquire
Skadden, Arps, Slate, Meagher
 & Flom LLP
300 S. Grand Avenue, 34th Floor
Los Angeles, CA 90071
jdasteel@skadden.com

Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

RLF1-3089050-1