IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| URS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE LEBANESE COMPANY FOR THE DEVELOPMENT AND RECONSTRUCTION OF BEIRUT CENTRAL DISTRICT SAL, a/k/a SOLIDERE,<br><br>    Defendant. | Civil Action No. 06-415 (SLR) |

**REPLY IN SUPPORT OF MOTION OF URS CORPORATION FOR
CONDITIONAL LEAVE TO FILE A SUR-REPLY**

                                 SKADDEN, ARPS, SLATE,
                                   MEAGHER & FLOM LLP
                               Edward P. Welch (#0671)
                               Paul J. Lockwood (#3369)
                               Edward B. Micheletti (#3794)
                               One Rodney Square
                               P.O. Box 636
                               Wilmington, Delaware 19899
                               (302) 651-3000
                               plockwoo@skadden.com

                               Attorneys for Plaintiff URS Corporation

<u>Of Counsel:</u>

Jeffrey H. Dasteel
Jason D. Russell
Stacy R. Horth-Neubert
Marina V. Bogorad
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
(213) 687-5000

DATED: April 16, 2007

There can be no doubt that this District, and this Court, do not permit a party to "reserve" arguments for reply that could have been asserted in the opening brief and then address that new argument in reply such that the party opposing a motion never has a chance to challenge the argument on the merits. See Local Rule 7.1.3(c)(2). Indeed, Solidere itself cites a decision of this Court expressly condemning "situation[s] where one party misled the other by holding back arguments until the reply brief, in violation of Local Rule 7.1.3(c)(2)." (D.I. 125, Solidere's Opposition to URS's request for leave to file a sur-reply (the "Sur-reply Opp'n") at 2, citing Federal Ins. Co. v. Signtactics, Inc., Nos. 97-343-SLR, 97-647-SLR, 1998 WL 175882, at *2 (D. Del. Mar. 26, 1998).)

Here, URS established in its opening brief seeking leave to file a sur-reply that Solidere was guilty of sandbagging because in its opening brief on its motion to dismiss it "assume[d], without conceding, that a 'nationwide contacts' test applies for purpose of determining whether it is subject to the Court's jurisdiction." (D.I. 33, Solidere Op. Br. at 14 n.11). Solidere did not seek dismissal on the ground that the Court could not consider Solidere's nationwide contacts. Nor did Solidere provide any argument or authority for why the nationwide contacts test does not apply in this case. Nevertheless, after "assuming" that a nationwide contacts test applied, and after URS relied on Solidere's position and therefore did not brief an argument that Solidere did not make in its opening brief, Solidere then argued in its reply brief in support of its motion to dismiss – indisputably for the first time – that a nationwide contacts test could not be applied here to support the assertion of personal jurisdiction against Solidere.

In challenging this plainly improper tactic, URS established in its conditional request to file a sur-reply that the Court should disregard Solidere's newly-minted argument or URS should be allowed to file a sur-reply to show that this argument was not only procedurally improper and tardy, but also wrong. Solidere's opposition does not dispel the inescapable conclusion that Solidere "reserved" a new argument and raised it for the first time on reply. As such, this Court either should ignore the new (tardy) argument or grant URS leave to file a sur-reply.

Solidere's opposition makes four arguments against URS's request that the Court either ignore Solidere's tardy argument or grant URS leave to file a sur-reply. None of them withstand scrutiny. First, Solidere argues that the Local Rules do not permit the filing of a sur-reply. Solidere is wrong; the rules expressly permit filing a sur-reply upon leave of court. (See Section I, infra.) Second, Solidere argues that a sur-reply is unnecessary because Solidere supposedly did not raise a new argument in reply. Yet Solidere simultaneously concedes that in its opening brief

1

it "assumed" that a nationwide contacts test applied and did not challenge the application of such a test until, for the first time, on reply. A party may not "reserve" an argument until reply by mentioning the issue without expressly challenging it in the Notice of Motion and supporting memorandum of law. (See Section II, infra.)

Third, Solidere contends that the new argument cannot be waived because the Court has an obligation to assess its own jurisdiction. Solidere conflates subject matter jurisdiction, which Solidere concedes it is not challenging, with personal jurisdiction, which is what Solidere does challenge. It is well-settled that personal jurisdiction can be waived. Here, because Solidere failed to challenge the application of a nationwide contacts test in its opening brief or Notice of Motion, that argument is waived. (See Section III, infra.)

Finally, Solidere moves to the merits of what would be argued in URS's sur-reply and contends that a nationwide contacts test cannot be applied here because the New York Convention cannot be invoked to enjoin a foreign arbitration. Solidere cites no authority that so holds. The only authority approaching that position is a district court decision that states that "it is not clear." Solidere concedes that URS cited – and Solidere cannot distinguish or undermine – a decision that is factually indistinguishable from the present case where the New York Convention was invoked to enjoin a foreign arbitration. Solidere also concedes that that decision was affirmed by the Second Circuit and offers no contrary Circuit authority. (See Section IV, infra.)

Solidere's failure to raise this new argument in its opening brief constitutes a waiver of the argument and, consequently, this Court may reject Solidere's untimely arguments out of hand, without further briefing. See, e.g., Boston Scientific Scimed, Inc. v. Cordis Corp., 434 F. Supp. 2d 308, 314 (D. Del. 2006) (Robinson, J.) (refusing to consider an argument in a reply brief where the new contention was "neither raised at trial nor offered in [defendant's] opening brief and, therefore, the argument violates Rule 7.1.3(c)(2)"); see also Sur-reply Request at 1-2 (collecting cases). Alternatively, if the Court wishes to entertain this argument, then fairness dictates that URS be granted leave to file a sur-reply addressing and refuting Solidere's new argument.

2

## ARGUMENT

### I. PLAINTIFF'S ASSERTION THAT THE RULES DO NOT PERMIT A SUR-REPLY IS WRONG

Solidere contends that this District's Local Rules "do not provide for the filing of sur-replies." (Sur-reply Opp'n at 1.) Not so. Local Rule 7.1.2(c) <u>expressly</u> provides for the filing of "<u>additional briefs</u>, affidavits, or other papers in support of or in opposition to the motion . . . with[] prior approval of the Court."[1] <u>See</u> Local Rule 7.1.2(c) (emphasis added). Indeed, URS established in its Request for Leave to File a Sur-reply (the "Sur-reply Request") through citation of a number of decisions (unchallenged by Solidere) that sur-replies are granted in this Circuit, especially in situations such as this, where "[t]he practice of reserving arguments for reply briefs amounts to impermissible sandbagging." <u>In re Student Fin. Corp.</u>, Nos. 02-11620, 03-507 JJF, 02-6803 LK, 2004 WL 609329 (D. Del. Mar. 23, 2004). <u>See also</u> Sur-reply Request at 1-3 (collecting cases).

Ignoring all of URS's authority on this point, Solidere urges this Court to deny URS the opportunity to respond to its new argument based on this Court's ruling in <u>Millett v. Truelink, Inc.</u>, No. 05-599-SLR, 2006 WL 2583100 (D. Del. Sept. 7, 2006), but the plaintiff in that action was objecting to choice of law issues that it "had ample opportunity to brief" in the motion to dismiss <u>and</u> its own subsequent motion to amend the complaint. <u>Id.</u> at *1 n.1.[2] URS has had no such series of opportunities to counter Solidere's assertion. Quite the contrary, Solidere expressly "assumed" that a nationwide contacts test applied and addressed all of its arguments in reliance on that assumption. URS relied on that assumption in preparing its opposition on the motion to dismiss and deciding what to brief. Thus, when Solidere sought to reverse that assumption in its reply brief, URS gained the right under the Local Rules to challenge that new argument.[3]

---

[1] The Local Rule explicitly allowing for additional briefing may explain why Solidere was forced to cite only inapposite cases from districts as far-flung as Kansas, North Carolina and Texas to establish a falsely stringent test for URS's request for leave to file a sur-reply here, unable to counter the myriad cases from this Court and the Third Circuit allowing such briefing to address newly minted arguments. (<u>Compare</u> Sur-reply Opp'n at 1 <u>with</u> Sur-reply Request at 2-3 (collecting cases).)

[2] Solidere's only other authority on this point, <u>Isco Int'l, Inc. v. Conductus, Inc.</u>, 279 F. Supp. 2d 489 (D. Del. 2003), is wholly unavailing, as this District <u>denied as moot</u> a request for sur-reply where the disputed evidence was a trial exhibit cited extensively at trial and, in light of the copious evidence, the court did not rely on the disputed exhibit in its opinion. <u>Id.</u> at 511. Here, the Court also can deny URS's request as moot if it determines not to consider Solidere's tardy argument.

[3] Solidere maintains, citing <u>Machulsky v. Hall</u>, 210 F. Supp. 2d 531 (D.N.J. 2002), that it was "entitled" to advance an entirely new legal theory on reply "in response to arguments asserted in URS's Answering Brief[.]" (Sur-reply Opp'n at 3.) While the <u>Machulsky</u> court on those specific facts found that the additional facts introduced on reply in that case "either reply to issues raised in [the] opposition or corroborate facts contained in [defendant's] initial pleadings, thereby not raising any 'new' issues[,]" the court nonetheless concluded in the <u>very next sentence after the one quoted by Solidere</u> that "[i]n deference to [plaintiff], however, <u>the Court will not consider portions of</u>

3

## II. SOLIDERE'S ASSERTION THAT IT DID NOT RAISE A NEW ARGUMENT IN REPLY IS BELIED BY ITS OWN CONCESSIONS

Solidere insists that it did not raise a new argument in its reply, but the briefs filed with this Court show otherwise. The record shows that Solidere argued in its opening brief in support of its motion to dismiss that it was not subject to jurisdiction based on an analysis of its contacts with the United States as a whole. Indeed, Solidere concedes that it took the position in its opening brief that it "assume[d], without conceding, that a 'nationwide contacts' test applies for purpose of determining whether it is subject to the Court's jurisdiction" and spent 14 pages applying that test. (See D.I. 33, Solidere Op. Br. at 14 n.11.) Solidere did not put forth argument or authority that the nationwide contacts test does not apply here and most certainly never argued anywhere in its opening brief that the New York Convention may not be invoked to enjoin an arbitration. Accordingly, in reliance on Solidere's stated assumption and the absence of any argument in the brief or statement in the Notice of Motion that this issue was contested, URS, not surprisingly, addressed only those issues of personal jurisdiction in its Opposition to the Motion to Dismiss that Solidere actually contested. (D.I. 73, URS MTD Opp'n at 12-23 (arguing application of nationwide contacts in general and personal jurisdiction).)

Upon reviewing URS's opposition, and realizing that its continuous and diverse contacts with the United States warrant this Court's exercise of jurisdiction under the "nationwide contacts" test, Solidere suddenly reversed its position in its reply, asserting <u>for the first time</u> that URS's claims "do not arise under federal law" because the Federal Arbitration Act ("FAA") does not provide jurisdiction over it in this suit to enjoin arbitration. (D.I. 110, Solidere MTD Reply at 8.)[4]

Solidere's only defense to raising this new argument is to suggest that URS should have known that Solidere intended to challenge application of a nationwide contacts test on reply because Solidere's opening brief noted that "URS has, as yet, failed to make such a showing [that a nationwide contacts test applies here] [and so] for purposes of this analysis, Solidere will assume, without conceding, that a "nationwide contacts" test applies for the purpose of determining whether it is subject to the Court's jurisdiction." (D.I. 125, Sur-reply Opp'n at 2

---

[defendant]'s reply that raise new facts not contained or referenced in his initial pleading." Id. at 534 n.1 (emphasis added).

[4]   At first blush, Solidere's arguments suggest that it is challenging subject matter jurisdiction. A review of Solidere's Notice of Motion in support of the Motion to Dismiss conclusively establishes that Solidere did <u>not</u> seek dismissal on this ground. And Solidere's opposition to the Request for a Sur-reply makes clear that Solidere is <u>not</u> challenging subject matter jurisdiction; rather, it contends that a nationwide contacts test cannot be applied in assessing whether this Court can exercise personal jurisdiction over Solidere.

4

(citing D.I. 14, Op. Brief at 14 n.11).) Having just admitted that it did not set forth its arguments challenging the application of a nationwide contacts test, Solidere then concludes with the incredible assertion that "[t]hus, URS was well aware of Solidere's arguments concerning the non-applicability of the nationwide contacts test at the time it filed its answering brief." (Id.) However, even Solidere could not point to anything in its notice of motion to dismiss or supporting memorandum of law that set forth these phantom arguments that URS supposedly had reason to be "well-aware of."[5]

According to Solidere, it is perfectly appropriate for a party seeking relief to "assume" the truth of its adversary's position in its opening brief and to place the burden of defending this "assumed" argument on the adversary, even though there is no notice that the issue is contested or is the basis on which the moving party will be seeking relief. This allows the moving party to preview its adversary's arguments before it reveals its own and to burden the opposing party with the responsibility of anticipating and refuting arguments that were not even made. Unfortunately for Solidere, this District has already rejected this argument. Local Rule 7.1.3(c)(2) provides that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." Local Rule 7.1.3(c)(2) (emphasis added). See also Boston Scientific, 434 F. Supp. 2d at 314 (refusing to consider an argument in a reply brief where the new contention was "neither raised at trial nor offered in [defendant's] opening brief and, therefore, the argument violates Rule 7.1.3(c)(2)."); Whitfield v. Pathmark Stores, Inc., 971 F. Supp. 851, 853 n.1 (D. Del. 1997) (argument raised for the first time in reply brief "made in violation of the local rules of this district, will not be considered by the Court"), vacated in part on other grounds, 39 F. Supp. 2d 434 (D. Del. 1999).

### III. SOLIDERE WAIVED ITS CHALLENGE TO APPLICATION OF THE NATIONWIDE CONTACTS TEST

Solidere argues that this Court cannot ignore Solidere's newly-minted attack on the nationwide contacts test because the Court has an obligation to assess its own jurisdiction. (Sur-reply Opp'n at 6.) Solidere confuses subject matter jurisdiction, which a Court must consider and

---

[5] Solidere alternatively argues that it was merely "responding" to arguments made by URS. (Sur-reply Opp'n at 3.) This argument defies credulity. As Solidere "assumed" that a nationwide contacts test applied – and spent fourteen pages applying it – URS did not make any arguments that called for a defense of the nationwide contacts test to which Solidere would have need to address in reply. The fact that URS cited cases establishing the general principle – not in dispute here – that the invocation of a federal statute permits a federal court to utilize the nationwide contacts test in no way justifies Solidere's highly specific argument on "reply" that the New York Convention may not be invoked to enjoin arbitration – an issue that indisputably no party even mentioned until it appeared for the first time in Solidere's reply brief.

5

which cannot be waived, with personal jurisdiction, which the Court need not consider and which can be waived. Solidere concedes that it does not challenge subject matter jurisdiction, making clear in its opposition that "[h]ere, Solidere is seeking to dismiss the Complaint inter alia on the grounds that this Court lacks personal jurisdiction over it." (Id. (emphasis added).) Solidere could hardly do otherwise as its Notice of Motion in support of the Motion to Dismiss makes clear that Solidere does not seek dismissal for lack of subject matter jurisdiction.

As Solidere is challenging only personal jurisdiction, there is no question that this argument can be waived. See Zelson v. Thomforde, 412 F.2d 56, 58-59 (3d Cir. 1969) (raising a personal jurisdiction defense "is a personal privilege of the defendant. If it fails to take advantage of that privilege in the manner provided by law, it is waived"; once waived, such an argument is "no concern of the district court" and it should not be considered). Rule 12 of the Federal Rules of Civil Procedure provides that, "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted" and, specifically, that the "defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived . . . if omitted" from a Rule 12 motion to dismiss. See Fed. R. Civ. P. 12(g) and (h)(1).

As this Court has recognized, "[t]here is a strong policy in this court 'against tardily raising defenses that go not to the merits of the case but to the legal adequacy of the initial steps taken by the plaintiff in his litigation[,]" coupled with "a strong policy of conservation of judicial time and effort" – thus, it is "incumbent upon defendants to present [such defenses] for the court's consideration in a timely manner." Mobilificio San Giacomo S.p.A. v. Stoffi, No. 96-415-SLR, 1998 WL 125534, at *7 (D. Del. Jan. 29, 1998) (citing Myers v. American Dental Ass'n, 695 F.2d 716, 721 (3d Cir. 1982)). Courts in the Third Circuit agree. See Myers, 695 F.2d at 720 ("The aim of Rule 12 'is to afford an easy method for the presentation of defenses but at the same time prevent their use for purposes of delay.'") (citing 2A J. Lucas & J. Moore, Moore's Federal Practice ¶ 12.02, at 2225 (2d ed. 1982).); see also Headon v. Colorado Boys Ranch, No. 204 CV 04847 LDD, 2005 WL 1126962, at *3 (E.D. Pa. May 5, 2005) ("[B]y failing to address plaintiff's argument and/or to raise a defense of lack of personal jurisdiction, this Court can only conclude that defendant agreed with plaintiff's personal jurisdiction analysis; or, then again, that defendant misconstrued the nature of plaintiff's argument and waived its right to challenge this Court's personal jurisdiction over defendant.").

Solidere cannot escape waiver by arguing that it raised the defense of personal jurisdiction in its opening brief and is now merely asserting new grounds for that defense as courts in this District and elsewhere routinely reject the infusion of <u>additional</u> personal jurisdiction arguments or theories raised for the first time on reply, finding them to be waived. For example, in O'Neal v. Huxley Development Corp., 558 F. Supp. 462 (D. Del. 1983), a court in this District granted a motion to dismiss for lack of personal jurisdiction under the Delaware Long Arm Statute. Significantly, however, the court noted that the defendant had waived an insufficiency of service of process argument not raised in its motion to dismiss and "[a]dditionally, the Court will not address [defendant]'s 'de minimus' theory regarding personal jurisdiction since that theory was belatedly raised in its reply brief." Id. at 463. See also Grand Vehicle Works Holdings, Corp. v. Frey, No. 03C7948, 2004 WL 742085, at *6 (N.D. Ill. Apr. 6, 2004) (in denying motion to dismiss for lack of personal jurisdiction based on Illinois long arm statute and minimum contacts, court refused to consider alternate fiduciary shield doctrine argument against finding personal jurisdiction because "[a]rguments raised for the first time on reply are waived"); Adams v. Jackson, 218 F. Supp. 2d 1006, 1010 (N.D. Ind. 2002) ("sandbagging" aspect of waiting until reply memorandum to introduce evidentiary support of argument in motion to dismiss for lack of personal jurisdiction "effectively waiv[ed] the point").

Because Solidere did not challenge the application of a nationwide contacts test in its opening brief in support of the Motion to Dismiss, Solidere's decision to raise it in reply does not save the argument, which is deemed waived under Federal Rule of Civil Procedure Rule 12(h).

## IV. THE NEW YORK CONVENTION MAY BE INVOKED TO ENJOIN AN ARBITRATION

Although URS made only a passing reference to the merits of the issue it seeks to address in a sur-reply, Solidere invites this Court into the merits discussion by addressing the substantive issue at some length. While URS believes that the issue is more appropriately addressed in a sur-reply if one is ordered, it will briefly respond to Solidere's arguments.

In its conditional request for leave to file a sur-reply, URS established that the New York Convention may be invoked to enjoin an arbitration and that the New York Convention provides an independent basis for subject matter jurisdiction. Not surprisingly, Solidere is unable to distinguish or challenge URS's carefully reasoned authority directly on point – Satcom Int'l Group PLC v. Orbcomm Int'l Partners, L.P., 49 F. Supp. 2d 331 (S.D.N.Y. 1999), aff'd, 205 F.3d 1324 (2d Cir. 1999), where the district court held that the New York Convention, like the FAA, provides this Court with "a concomitant power to enjoin arbitration where arbitration is

7

inappropriate." Id. at 342. Indeed, Solidere's only "substantive" criticism of Satcom is that the opinion by the Second Circuit affirming the use of the New York Convention to enjoin an arbitration is "devoid of any analysis." (Sur-reply Opp'n at 5, n.1.) However, Solidere's criticism makes no sense because the Second Circuit found the issue sufficiently clear based on the trial court's analysis as to require no analysis, holding that it affirmed "the order of the District Court substantially for the reasons stated in Judge Cote's thorough and well-reasoned opinion." 205 F.3d at 1324 (emphasis added).

Solidere does cite Republic of Ecuador v. ChevronTexaco Corp., 376 F. Supp. 2d 334, 348 (S.D.N.Y. 2005), but the language quoted by Solidere says only that "[i]t is not at all clear that an action seeking such relief 'fall[s]' under the [New York] Convention,'" id. at 348 (emphasis added) (second and third alteration in original), rendering the decision itself unclear as to whether it actually is contrary to SatCom. The decision does not analyze Section 4 of the Federal Arbitration Act ("FAA"), which essentially mirrors the operative provisions of the New York Convention. (Had it considered that language, it would have found, as legions of other courts have, that the FAA may be invoked to enjoin arbitrations even though the FAA does not expressly state that it encompasses the power to enjoin arbitrations.) Perhaps more telling of its lack of any meaningful analysis, the Ecuador court's conclusory opinion fails even to mention Satcom. Because the Second Circuit affirmed Satcom, including the reasoning of that opinion, that decision is the law of the Circuit and was binding on the Ecuador court. Having failed to cite it, much less distinguish it, to the extent that Ecuador could be read to be inconsistent with the Second Circuit's affirmance of Satcom, it is not good authority and has no precedential value.[6]

Given the careful reasoning of Satcom and the Second Circuit's endorsement of it, contrary to Solidere's assertion, the existing law on this issue is far from "ambiguous" or "unsettled." Indeed, Solidere fails to cite authority to the contrary. Solidere's lead case in both its reply and its response to the URS request for leave, IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 356 F. Supp. 2d 503 (E.D. Pa. 2005), did not even remotely address any injunctive powers under

---

[6] Solidere argues that the Second Circuit's endorsement of Satcom does not "overturn the previously decided Int'l Shipping case" cited by the Ecuador court. (Sur-reply Opp'n at 5, n.1.) But the court in Int'l Shipping was being asked to apply the Convention to enjoin the sale of a vessel in keeping with a British court order, and thus by definition there was no arbitration or arbitral award to use as a jurisdictional hook and the Second Circuit did not address whether, much less hold that, the New York Convention may be invoked to enjoin an arbitration. See Int'l Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388, 389, 391 (2d Cir. 1989). Thus, any language relied on by Solidere (and none was cited) would plainly be (at best) irrelevant dicta. Solidere has no answer for the fact that in our exact procedural situation, the Second Circuit is clear – the New York Convention provides courts with the jurisdiction (and the power) to enjoin an arbitration.

the New York Convention; in fact, the court did not even construe the New York Convention at all. Instead, the court in IFC Interconsult, was asked whether the FAA provided subject matter jurisdiction to enforce a judgment and concluded that it did not have power to proceed with a later garnishment action to enforce a judgment arising from its earlier decision confirming an arbitral award under the Convention. Nothing in IFC discussed, much less held, that there is no subject matter jurisdiction under the Convention to enjoin arbitrations where the parties did not agree to arbitrate, as that issue was not before the court and no party briefed it.[7]

Solidere also makes no attempt in its Opposition to defend its reliance on the other manifestly unhelpful cases it cited in its reply to the motion to dismiss. And small wonder – for example, Solidere relied on the **dissenting** opinion in Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 291 (1995), which stands for the unremarkable (but irrelevant) proposition that the FAA itself does not create federal question jurisdiction. (MTD Reply at 8.) Of course, the asserted basis for jurisdiction here is the Convention, not the FAA in general (which merely applies the Convention). (See Compl. ¶¶ 20-24, citing 9.U.S.C. § 203.) Indeed, it is settled law that:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States ... shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203 (emphasis added).[8] Moreover, Section 4 of the FAA, 9 U.S.C. § 4, like the Convention, on its face grants courts only the power to compel arbitration. Despite this limitation, courts in this Circuit and elsewhere uniformly interpret Section 4 of the FAA as granting courts the power to enjoin arbitrations.[9] Satcom, looking at this precise issue, held that the decisions

---

[7] Notably, the Third Circuit reversed this decision, holding that the district court's approach to jurisdiction was too limiting and did not account for ancillary jurisdiction. See IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 316-18 (3d Cir.), cert. denied, 127 S. Ct. 136 (2006).

[8] The footnote in Pfizer Inc. v. Uprichard, 422 F.3d 124, 128 n.5 (3d Cir. 2005), relied upon by Solidere in its reply, makes the same irrelevant jurisdictional assertion. Neither Allied-Bruce nor Pfizer appears in the Opposition to the Sur-Reply. (Compare Sur-Reply Opp'n at 3-5 with MTD Reply at 8.) Moreover, Solidere relies on the same irrelevancy as its sole means of "distinguishing" PCS 2000 LP v. Romulus Telecomms., Inc., 148 F.3d 32, 35 (1st Cir. 1998). Although Solidere purports to distinguish PCS 2000 on the ground that the FAA does not provide an independent basis for subject matter jurisdiction, Solidere does not (and cannot) dispute that (i) the legal principle for which PCS 2000 was cited (that the power to enjoin is the concomitant of the power to compel) is equally applicable to the New York Convention – as the two statutes are applied consistently except where the statutory language prevents such harmony, and (ii) unlike the FAA, the New York Convention does provide for an independent basis for jurisdiction.

[9] See John Hancock Distribs., Inc. v. Saponaro, 901 F. Supp. 194, 195 (E.D. Pa. 1995) ("under the federal Arbitration Act, a party aggrieved by the refusal of another party to an arbitration agreement to arbitrate may seek an order from the district court directing that such arbitration proceed in the manner provided in the agreement. Conversely, 'a reluctant party [to an agreement to arbitrate]

9

construing the FAA as granting the power to enjoin arbitration despite any express language in the statute, applied equally to the New York Convention and, for that reason, determined that the New York Convention may be invoked to enjoin arbitrations where the parties did not agree to arbitrate. Thus, even if it were not wholly improper procedurally, Solidere did not – because it cannot – demonstrate that its new contention has any merit.

---

has a right to a judicial determination of his obligation to arbitrate,' before it is compelled to participate in an arbitration proceeding.") (alterations in original), citing PaineWebber v. Hartmann, 921 F.2d 507, 515 (3d Cir. 1990); Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH, 141 F.3d 1434, 1449 n.23 (11th Cir. 1998) (citing with approval the district court's power to enjoin arbitration of claims that the parties have not agreed to arbitrate); Westmoreland Capital Corp. v. Findlay, 100 F.3d 263, 266 n.3 (2d Cir. 1996) (noting that "a number of courts have held that, in appropriate circumstances, § 4 of the FAA may be applied to stay or enjoin arbitration proceedings"); Texaco, Inc. v. Am. Trading Transp. Co., 644 F.2d 1152, 1154 (5th Cir. 1981) (stay of arbitration affirmed where dispute not covered by arbitration clause); Weis Builders, Inc. v. Kay S. Brown Living Trust, 236 F. Supp. 2d 1197, 1204 (D. Colo. 2002) ("Pursuant to the FAA, this Court will stay the arbitration currently before the American Arbitration Association pending the determination that a valid agreement to arbitrate exists between the parties."), aff'd, 94 Fed. Appx. 687 (10th Cir. 2004); L.F. Rothschild & Co. v. Katz, 702 F. Supp. 464, 468 (S.D.N.Y. 1988) (enjoining unauthorized arbitration under Section 4 of FAA); Veera v. Janssen, Nos. 05 Civ. 2145, 05 Civ. 3788, 05 Civ. 3269, 05 Civ. 3270, 2005 WL 1606054, at *5 (S.D.N.Y. July 5, 2005) (enjoining arbitration against a nonsignatory); cf. Leevers v. Bilberry, No. 4:04-CV-34, 2007 WL 315344, at *3 (M.D. Ga. Jan. 31, 2007) (enjoining arbitration against non-signatory, noting that the FAA "has been interpreted to authorize the courts to enjoin an arbitration to prevent the exercise of arbitration jurisdiction over someone who never agreed to arbitrate the dispute in question"), Graham v. Smith, 292 F. Supp. 2d 153, 158 (D. Me. 2003) (granting preliminary injunction against arbitration because the arbitration agreement was not binding on plaintiff); PKF/Mark III, Inc. v. Metro. Dist. Council, No. CIV. A. 93-3529, 1993 WL 514705, at *4 (E.D. Pa. Dec. 9, 2003) (enjoining arbitration after determining that it was improper), aff'd mem., 31 F.3d 1173 (3d Cir. 1994); Ryan, Beck & Co., LLC. v. Fakih, 268 F. Supp. 2d 210, 230 (E.D.N.Y. 2003) (enjoining arbitration pending court's determination whether plaintiff could be bound by the agreement); A.T. Cross Co. v. Royal Selangor(s) PTE, Ltd., 217 F. Supp. 2d 229, 233-34 (D.R.I. 2002) (in a declaratory action, enjoining arbitration for lack of valid arbitration agreement); Manasse v. Prudential-Bache Sec., 892 F. Supp. 696, 699 (W.D. Pa. 1995) (if the court determines that dispute does not fall under the arbitration agreement at issue, "'it is obliged to enjoin arbitration'") (citing PaineWebber, 984 F.2d at 1372); Gruntal & Co. v. Steinberg, 837 F. Supp. 85, 92 (D.N.J. 1993) (enjoining arbitration based on lack of arbitration agreement); Smith Wilson Co. v. Trading & Dev. Establishment, 744 F. Supp. 14 (D.D.C. 1990) (staying arbitration so that the court could consider the preliminary issues of arbitrability).

## CONCLUSION

For the foregoing reasons, Solidere reiterates that this Court should reject Solidere's new arguments improperly raised in its reply brief or, in the alternative, grant URS's request for leave to file a sur-reply.

Respectfully submitted,

/s/ Paul J. Lockwood
Edward P. Welch (#0671)
Paul J. Lockwood (#3369)
Edward B. Micheletti (#3794)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

Of Counsel:

Jeffrey H. Dasteel
Jason D. Russell
Stacy R. Horth-Neubert
Marina V. Bogorad
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
300 S. Grand Avenue, 34th Floor
Los Angeles, California 90071
(213) 687-5000

One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
plockwoo@skadden.com

Attorneys for Plaintiff URS Corporation

DATED: April 16, 2007